THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EMMANUEL BOOSE, Defendant-Appellant.

Second District    No. 2—92—1284

Opinion filed January 28, 1994.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

The defendant, Emmanuel Boose, was charged on December 11, 1991, with one count of unlawful possession of not more than five grams of cocaine, a controlled substance, with intent to deliver (Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1401(c)(2) (now 720 ILCS 570/401(c)(2) (West 1992))), a Class 1 felony. The defendant was also charged with one count of unlawful possession of less than 15 grams of cocaine, a controlled substance (Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1402(c) (now 720 ILCS 570/402(c) (West 1992))), a Class 4 felony. Following a jury trial, the defendant was convicted of the Class 4 possession charge and acquitted of possession with intent to deliver. This appeal followed, and we affirm.

The defendant's sole contention on appeal is that his conviction of possession should be reversed because the jury received an improper instruction on the elements of the charge. Our review of the record discloses that, although an improperly worded instruction was given, the error was harmless.

Some confusion obviously occurred at trial over the proper form of the instruction on issues in possession of a controlled substance. During the instructions conference at trial, the prosecution tendered the People's Instruction No. 15, which read:

"To sustain the charge of possession of a controlled substance when the substance containing the controlled substance weighed

less than 15 grams, the State must prove the following *proposition*:

That the defendant knowingly possessed a substance containing cocaine, a controlled substance; *and*

That the weight of the substance possessed was less than 15 grams.

If you find from your consideration of all the evidence that *this* proposition has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that *this* proposition has not been proved beyond a reasonable doubt, you should find the defendant not guilty." (Emphasis added.) Hereinafter People's No. 15.

The instruction was based on Illinois Pattern Jury Instructions Criminal, No. 17.13 (2d ed. Supp. 1989), which reads:

"To sustain the charge of possession of a [(controlled) (counterfeit)] substance [when the substance containing the [(controlled) (counterfeit)] substance weighed more than ___ grams], the State must prove the following proposition[s]:

[*First*:] That the defendant knowingly possessed a substance containing [(___, a controlled substance) (a counterfeit substance)][.][; and

*Second*: That the weight of the substance possessed was [(more than ___ grams) (more than ___ grams but not more than ___ grams)].]

If you find from your consideration of the evidence that [(*this*) (*each one of these*)] proposition[s] has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that [(*this*) (*any of these*)] proposition[s] has not been proved beyond a reasonable doubt, you should find the defendant not guilty." (Emphasis added.) Illinois Pattern Jury Instructions, Criminal, No. 17.13 (2d ed. Supp. 1989) (hereinafter IPI Criminal 2d No. 17.13 (Supp. 1989)).

Using the form of IPI Criminal 2d No. 17.13 (Supp. 1989), the appropriate choices are selected from the bracketed and parenthetical material. Thus, the instruction may be stated correctly as either one or two propositions. In the present matter, the defendant's attorney did not object to giving People's No. 15 as stated above, and it was adopted as written by the court. However, sometime before the instructions were read to the jury, it was discovered that the instruction contained an internal inconsistency in that the first paragraph addresses only one "proposition," but the following two paragraphs make it clear there are two propositions to consider. The

last two paragraphs then refer to the proposition by using the singular pronoun "this" rather than the plural form "these."

A corrected version of People's No. 15 was tendered by the State in which the word "proposition" was replaced by the plural form "propositions," and the singular pronoun "this" used in the last two paragraphs was replaced with the plural form "these." The corrected instruction was read to the jury, along with the remaining instructions, and was sent in written form to the jury.

The corrected version of People's No. 15 read:

> "To sustain the charge of possession of a controlled substance when the substance containing the controlled substance weighed less than 15 grams, the State must prove the following *propositions:*
>
> That the defendant knowingly possessed a substance containing cocaine, a controlled substance; and
>
> That the weight of the substance possessed was less than 15 grams.
>
> If you find from your consideration of all the evidence that *these propositions* have been proved beyond a reasonable doubt, you should find the defendant guilty.
>
> If you find from your consideration of all the evidence that *these propositions* have not been proved beyond a reasonable doubt, you should find the defendant not guilty." (Emphasis added.)

During its deliberations, the jury sent a note to the court that read: "Is there any way we can get clarification of what is written?" The court declined to instruct further, declaring: "The answer back to the jury is that you have the instructions of law that you must follow. Period."

Counsel for the defendant then asked for an opportunity to review the written instructions that were sent to the jury room because the attorney was uncertain whether the jury received the corrected version of People's No. 15. The court denied the request but assured counsel that the written instructions sent to the jury "have the changed wording or addition of plurals." The court ruled that if the jury sent out a question with a more specific reference to a particular instruction, the court would consider giving further instruction.

No further questions were sent to the court by the jury, which acquitted on the possession with intent to deliver count and convicted on the possession count. After the verdicts were read and the jury polled, counsel for the defendant was permitted by the court to review the written instruction on the elements of possession that the jury was given for its deliberations. The counsel thereafter discovered a further error in the instruction.

People's No. 15 should have made it clear that the jury should

acquit if it found that "any one of these" propositions was not proved beyond a reasonable doubt rather than stating, as it did, that the jury should acquit if it finds that "these propositions" were not proved beyond a reasonable doubt. (See People's No. 15.) Defense counsel asked the court to set aside the guilty verdict as to possession, arguing that the erroneous instruction was prejudicial error because it required the jury to acquit only if both, rather than either one, of the propositions were not proved beyond a reasonable doubt.

The court denied the motion, stating that, even though People's No. 15 was incorrectly worded, the error was harmless. We agree.

■ The State has the burden of proving *every* essential element of a crime charged by proof beyond a reasonable doubt. (*People v. Biers* (1976), 41 Ill. App. 3d 576, 581; *In re Winship* (1970), 397 U.S. 358, 361-64, 25 L. Ed. 2d 368, 373-75, 90 S. Ct. 1068, 1071-73.) The court has a responsibility in criminal cases to see that the jury is properly instructed on the elements of the crime charged, the presumption of innocence, and the burden of proof. (*People v. Parks* (1976), 65 Ill. 2d 132, 137.) The failure by the court to properly instruct on any of these key elements casts doubt on whether the defendant received a fair trial. (*People v. Williams* (1983), 120 Ill. App. 3d 900, 904.) An inconsistent or unclear jury instruction is prejudicial error. *People v. Jenkins* (1977), 69 Ill. 2d 61, 66.

The State argues on appeal that the defendant waived this claim by not raising it initially at the jury instruction conference and by referring in his brief to the first version of People's No. 15 in claiming error, when in fact the first version was never read or given in written form to the jury. It is the second version of People's No. 15 upon which this appeal is based.

■ We note that, when an objection to an alleged erroneous instruction is not made at trial and no alternative instruction is tendered, the issue is waived for appeal. (*People v. DeBusk* (1992), 231 Ill. App. 3d 229, 241.) However, because errors in key jury instructions cast doubt on whether a defendant received a fair trial, we may consider such questions under the plain error rule. (134 Ill. 2d R. 451(c); *People v. Reddick* (1988), 123 Ill. 2d 184, 198.) In this case, it is true that the defendant's attorney did not initially object to the first version of People's No. 15, but the attorney did seek unsuccessfully to examine the second, supposedly corrected, version and made a timely motion after the verdicts were returned to have the possession conviction set aside. It is true that the defendant's brief on appeal quotes from the first version of People's No. 15, which is not at issue. However, the defendant argues in his brief that the instruction should have used the words "any one of these" propositions (an

obvious reference to the second version of People's No. 15), so the relevant argument was addressed on appeal. Also, it is clear there was a good deal of confusion over the proper form of People's No. 15, and the prosecution admitted during the hearing on the defendant's motion to set aside the possession conviction that it was the State's typographical errors which caused the confusion. Therefore, we will consider this question for appeal.

We note, however, that this confusion might well have been avoided had the trial court allowed defense counsel an opportunity to review the corrected version of People's No. 15 before the jury returned its verdict. When a judge refuses to allow counsel for either side to review written instructions, that judge risks opening a "Pandora's Box" of potentially reversible error when allowing counsel to view the instruction would have resolved the matter forthwith.

■ A review of the record discloses that when People's No. 15 is read in context of the other instructions, which is permissible when language errors occur in instructions (*People v. Goff* (1985), 137 Ill. App. 3d 108, 115-16), the jury was properly instructed; thus, the defendant suffered no prejudice. We are convinced that the jury reached its decision intentionally and without confusion because, although People's No. 15 spoke about two propositions, in fact there was only one controverted proposition: whether the defendant "knowingly possessed a substance containing cocaine." The second proposition was whether the substance possessed weighed less than 15 grams, a matter not at issue at trial. The only issue at trial, despite how the instruction was worded, was whether the defendant knowingly possessed a substance containing cocaine.

The present matter is factually similar to *People v. Harvey* (1991), 209 Ill. App. 3d 733, in which the appellate court affirmed a murder conviction of a defendant who claimed prejudicial error based, in part, on an instruction which had a flaw identical to the one in the present matter. In *Harvey*, the trial court gave a jury instruction on the elements of the crime charged that said: "If you find from your consideration of all of the evidence that *these propositions* have not been proved beyond a reasonable doubt, you should find the defendant not guilty." (Emphasis in original.) (*Harvey*, 209 Ill. App. 3d at 739.) As in the present matter, the defendant in *Harvey* contended that prejudicial error resulted from using the phrase "these propositions" instead of the proper "any one of these propositions."

The court in *Harvey* agreed that the instruction was flawed but found the error harmless. In so finding, the court considered the entire jury charge, the fact that the correct burden of proof had been discussed with jurors during *voir dire*, and strong evidence of guilt.

Similarly, in the present matter, jurors were advised both during *voir dire* and instructions from the court that the State has the burden of proving each element of the crime charged. We note additionally that the instruction error in *Harvey* was held to be harmless even though more than one disputed proposition was at issue. As we have noted, the jury in the present matter only had one proposition to consider.

We also note that, just because the jury sent a question to the court, the judge was not required to answer it. Indeed, a trial judge has a duty to avoid giving the jury his or her opinion as to the evidence. Therefore, a judge should not answer a question from a jury that calls for the judge to make a conclusion on the issues at trial. (*People v. Williams* (1975), 60 Ill. 2d 1, 13.) However, a judge has a duty to clarify an *explicit* question on a point of law over which there is doubt in the minds of jurors. (*People v. Flynn* (1988), 172 Ill. App. 3d 318, 323.) A judge has wide discretion in deciding whether to respond to a jury question. (*People v. Ross* (1981), 100 Ill. App. 3d 1093, 1097.) Our review of the record convinces us that the trial court was well within its discretion in this matter.

We note that the question asked by the jury in this case was not explicitly focused on a point of law. Rather, it was quite general: "Is there any way we can get clarification of what is written?" The trial court appropriately responded that the jury had its instructions and advised counsel that, if the jury asked a more specific question, the court might consider sending a specific response. Because we find that People's No. 15 was not so improperly drafted as to prejudice the defendant, we find the defendant's claim on appeal unavailing.

Affirmed.

INGLIS, P.J., and GEIGER, J., concur.