No. 2--04--0595                                        filed 4/26/06

_____

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03--CF--3288 |
| | ) ) | Honorable |
| EWATHA J. GREEN, | ) ) | Richard W. Vidal and Steven G. Vecchio, |
| Defendant-Appellant. | ) | Judges, Presiding. |

_____

_____

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Ewatha J. Green, appeals from his conviction of robbery after a jury trial and unsuccessful postsentencing motion, this being a direct appeal from the trial court's judgment pursuant to Illinois Supreme Court Rule 606(b) (188 Ill. 2d R. 606(b)). Defendant asserts he was denied a fair trial, resulting from the trial court's failure to properly instruct the jury. We note that the record contains a jury verdict, signed and returned by the jurors, that reads in its entirety, "We, the jury, find the defendant, Ewatha Green, guilty of Robbery."

For the reasons stated below, we determine that the trial court did not commit error or plain error in giving the instructions that were presented to the jury. However, we also

determine that the jury verdict form tendered by the State and signed and returned by the jury limited the nature of the conviction and thus the sentence defendant can receive. Therefore, for reasons set forth below, we affirm the trial court's denial of defendant's postsentencing motion asserting the trial court's failure to properly instruct the jury. However, we modify the judgment of conviction of robbery of a person of 60 years of age or over to a judgment of conviction of robbery, and we vacate the trial court's sentence for robbery of a person of 60 years of age or over, with a remand for the trial court to resentence defendant for the offense of robbery, without any enhancements.

Defendant was indicted on the allegations that he took property from the person of one Carol Mortenson, a person over the age of 60, by the use of force on November 8, 2003. The case was heard by a jury at trial, which began on April 19, 2004. The State presented testimony from four eyewitnesses regarding the events, which occurred in and near the 320 Store (located at 320 North Court in Rockford) on November 8, 2003. The State's four witnesses included Dennis Bragelman, the owner of the store in front of which the robbery took place. Bragelman testified that he saw defendant with a purse in his hand, running quickly away from the store area and across a nearby parking lot. Bragelman was alerted to the action as a result of a customer's yelling,"Hey, leave her alone." Bragelman had seen defendant running from approximately 25 yards and identified him, in part, because of earlier observations of defendant in his store a few minutes before the incident.

The victim of the crime, Carol Mortenson, testified that she was 61 years of age in 2003 at the time of the robbery. Mortenson testified that she had been in the 320 Store. She further testified that, after she left the store with three bags of purchases, she went to

her car. Mortenson placed the bags on the backseat of her car. She then turned around and saw a man coming toward her who was saying to her that she had left something in the store. Once Mortenson turned around, the man who had approached her lunged at her and pulled her purse from her left shoulder. After a struggle, Mortenson decided that keeping her purse was not worth incurring personal injury, so she let go of the purse after one or two minutes. The man then fled. At trial, Mortenson identified defendant as the man who took the purse from her as a result of that struggle.

Ann Petty was a bystander witness who had been in the vicinity of the store at the time of the incident. Petty testified that, as she backed her car out of a parking place in front of the store, she saw a man and woman facing each other, struggling over a purse. Petty called the police on her cellular phone. She then saw the man who had taken the purse run across a nearby parking lot. Petty identified defendant at trial as the man who had taken the purse.

Finally, the State presented witness Benjamin Nease. Nease testified that he had been staying at a nearby mission shelter for a couple of weeks and that he had become acquainted with defendant at that shelter during that time. Nease testified that he saw defendant try to take a purse from a woman, while defendant was right across from the 320 Store.

Police officers Regez and Bruno interviewed defendant. According to Officer Regez's testimony at trial, defendant had stated, in response to earlier questioning about the incident at the 320 Store, "Well, I may have gone there."

The trial court conducted a conference on the jury instructions tendered by the State and by defendant and thereafter charged the jury with the instructions that had been

admitted as a result of the conference. The jury deliberated and returned the guilty verdict on the verdict form admitted as a result of the conference.

On May 7, 2004, defendant's counsel filed a motion for a new trial, which was denied on May 27, 2004. The sentencing hearing began on May 27, 2004, and was completed on June 7, 2004. The trial court found defendant eligible for sentencing in the Class X range and imposed a sentence of 25 years for the Class 1 robbery conviction. Defendant's counsel filed a postsentencing motion to reconsider the sentence, which the trial judge denied on June 9, 2004. Defendant filed his notice of appeal on the same day.

We first address the issue as to whether the trial court failed to give proper instructions to the jury. In particular, defendant submits that the trial court failed to give Illinois Pattern Jury Instruction, Criminal, No.14.04 (Illinois Pattern Jury Instructions, Criminal, No. 14.04 (4th ed. 2000)) (hereinafter IPI Criminal 4th No. 14.04), as defendant modified by two additional paragraphs that defendant has first presented and argued in his appeal:

"If you find from your consideration of all of the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find defendant guilty.

If you find from consideration of all of the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find defendant not guilty."

By failing to give the modified instruction as now presented on appeal, defendant argues, the trial court failed to inform the jury on how to apply the reasonable doubt standard of proof to the elements on a robbery charge instruction form. Defendant argues that that

failure in the trial court made the No. 14.04 instruction that was actually given a fatally and fundamentally deficient instruction that thereby denied defendant a fair trial.

The standard of review as to whether a court has given proper jury instructions in a criminal case on the elements of an offense is well settled. A party who desires a specific instruction must tender the instruction to the trial court and ask that it be read to the jury. Generally, the trial court has no obligation to offer an instruction on its own motion. Also, usually a party who fails to tender an instruction or to object at trial or in a posttrial motion waives the issue for appellate review. People v. Layhew, 139 Ill. 2d 476, 485 (1990). (Indeed, this court notes that even though IPI Criminal 4th No. 14.04 was modified well before the time of trial, defendant did not present the official modified version of the No. 14.04 instruction even to this court. See IPI Criminal 4th No. 14.04 (Supp. 2003).)

However, in criminal cases, the rule that a party must tender a desired instruction is modified in certain situations, by virtue of the requirements for a fair trial. Illinois courts have held that the court bears the burden of seeing that the jury is instructed on the elements of the crime charged, on the presumption of innocence, and on the burden of proof. People v. Parks, 65 Ill. 2d 132, 137 (1976).

As a result, there are situations where the requirement of a fair trial requires the trial court to sua sponte offer an instruction on the elements of the crime charged, the presumption of innocence, and the burden of proof. People v. Turner, 128 Ill. 2d 540, 562-63 (1989). In such circumstances, the court's failure to properly instruct the jury on any of these key factors casts doubt on whether the defendant received a fair trial. People v. Boose, 256 Ill. App. 3d 598, 602 (1994).

When errors in key jury instructions cast doubt on whether a defendant received a fair trial, a reviewing court may consider whether such errors fall under the plain error rule. Boose, 256 Ill. App. 3d at 602. In considering such questions under the plain error rule, a review of the entire record is appropriate for the reviewing court to determine the context in which the instructions were given. Boose, 256 Ill. App. 3d at 603.

Accordingly, this court has considered whether plain error occurred in this case and whether the trial court sua sponte should have given a different instruction to the jury. A review of the record affirmatively shows that the trial court gave instructions to the jury sufficient to avoid a fundamentally deficient or unfair trial. The court instructed the jury on several occasions as to the State's burden of proving defendant guilty beyond a reasonable doubt on each and every element of the offense. The trial judge cautioned the jury regarding the State's burden of proof, twice during voir dire and again in his opening remarks at the commencement of the trial. Moreover, during voir dire, defense counsel repeatedly questioned jurors on their abilities to return a verdict of not guilty if they were not convinced of defendant's guilt beyond a reasonable doubt. The court accepted and read to the jury IPI Criminal 4th No. 2.03. That instruction charges the jury to presume the defendant's innocence throughout the trial, including during the jury's deliberations; the instruction also instructs the jury that the State has the burden of proving the guilt of the defendant beyond a reasonable doubt, a burden that remains on the State throughout the case. We determine there was no plain error as to the jury instructions given.

In summation, because defendant cannot show that the instructions given caused a "severe threat" to the fairness of his trial, based on the long standing principles of the plain error analysis in the jury instructional context, there was no injustice. Accordingly, we find

that, because there was no preserved error and no plain error, the trial court did not have the duty to tender its own instruction to the jury sua sponte, and we affirm the denial of defendant's postsentencing petition.

We now turn to the issue of the verdict form tendered to the jury and signed and returned by the jury.

The State argues that defendant waived his claim of verdict-form error and that the plain error exception does not apply where the verdict form did not make a specific finding of a sentencing-enhancement element (of the victim's age, in this case).  The State cites People v. Chapman, 194 Ill. 2d 186, 235 (2000), and People v. Tannenbaum, 82 Ill. 2d 177, 180-81 (1980), to support its position.

While the state of the record in a case frequently results in waiver, our supreme court has recognized that certain instructions, such as those pertaining to the burden of proof, the presumption of innocence, and the elements of the crime charged, are so central to our constitutional guarantee of a fair trial that the failure to object to their omission does not result in a waiver.  See People v. Layhew, 139 Ill. 2d 476, 486 (1990). We find that defendant's enhanced sentence, based upon the conviction flowing from the jury's verdict on the form used, was plain error, and defendant's failure to object to the verdict form did not result in waiver of the issue.

In Chapman, 194 Ill. 2d at 235, our supreme court held that the defendant in that case had waived his objection to the jury verdict form, which omitted the culpable mental state necessary to support a finding of death eligibility, because, under the facts of that case, the omission of the mental state from the verdict form was not so fundamental a defect as to amount to plain error.  In Tannenbaum, 82 Ill. 2d at 80-81, our supreme court

reiterated the well-established rule that the failure to object at trial to an asserted error in jury instructions waives the question, adding that issues not raised in a posttrial motion also are effectively waived for appellate review. Importantly, both Chapman, 194 Ill. 2d 186, and Tannenbaum, 82 Ill. 2d 177, concern issues affected by Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), which dealt directly with the requirement of a verdict form that demonstrates a jury's determination of guilt, beyond a reasonable doubt, of each element of an offense.

We determine that Apprendi, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348, supercedes Tannenbaum and Chapman and addresses the critical import of the verdict form presented to and signed and returned by the jury. The United States Supreme Court has stated that pursuant to the sixth and fourteenth amendments to the United States Constitution (U.S. Const., amends. VI, XIV), a criminal defendant is entitled to a jury determination whether he is guilty, beyond a reasonable doubt, of every element of the crime with which he is charged. Apprendi, 530 U.S. at 475-76, 147 L. Ed. 2d at 446, 120 S. Ct. at 2355. We find that the jury in this case made a determination of guilt beyond a reasonable doubt, as indicated by its signed verdict, that defendant was guilty of robbery only. The jury did not make a determination of any enhancement element. Defendant can be deemed to have been convicted of robbery only and cannot be sentenced for any crime other than robbery.

Therefore, we affirm the trial court's denial of defendant's postsentencing motion asserting the trial court's failure to properly instruct the jury. However, we modify the judgment of conviction of robbery of a person of 60 years of age or over to a judgment of conviction of robbery, and we vacate the trial court's sentence for robbery of a person of

60 years of age or over and remand the cause for the trial court to resentence defendant for the offense of robbery, without any enhancements.

Affirmed as modified in part and vacated in part; cause remanded.

GROMETER, P.J., and HUTCHINSON, J., concur.