Docket No.102751.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

---

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. EWATHA J. GREEN, Appellee.

*Opinion filed May 24, 2007.*

CHIEF JUSTICE THOMAS delivered the judgment of the court, with opinion.

Justices Freeman, Fitzgerald, Kilbride, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

Defendant, Ewatha Green, was charged in the circuit court of Winnebago County with one count of robbery. 720 ILCS 5/18–1(a), (b) (West 2004). The single-count indictment stated:

> "EWATHA GREEN committed the offense of ROBBERY, in that the defendant knowingly took property, being a purse, from the person of Carol Mortonson, a person 60 years of age or over, by the use of force, in violation of 720 ILCS 5/18–1(a) (Class 1 Felony)."

At the trial's conclusion, the State submitted both the jury instructions and the verdict forms. Defendant did not object to any of the State's submissions, which were read aloud and tendered to the jury. Following its deliberation, the jury returned the verdict form stating,

"We the jury, find the defendant, Ewatha Green, guilty of Robbery." Prior to sentencing, defendant filed a motion for a new trial. The motion raised six issues, none of which addressed either the jury instructions or the verdict forms. The trial court denied the motion and sentenced defendant to 25 years in prison.

Defendant appealed, raising only one argument: that the elements instruction used in this case, Illinois Pattern Jury Instructions, Criminal, No. 14.04 (4th ed. 2000) (hereinafter IPI Criminal 4th), contained a serious defect that deprived him of his constitutional right to a fair trial. As given in this case, IPI Criminal 4th No. 14.04 stated:

> "To sustain the charge of robbery of a victim 60 years of age or over, the State must prove the following propositions:
>
> *First Proposition*: That the defendant knowingly took property from the person or presence of Carol Mortonson; and
>
> *Second Proposition*: That the defendant did so by the use of force; and
>
> *Third Proposition*: That the person from whom the defendant took property was 60 years of age or over."

Defendant argued that this instruction was deficient because it failed to include the following two paragraphs, which are standard in all criminal elements instructions and which were mistakenly omitted from the most recently published edition of IPI Criminal 4th No. 14.04:

> "If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.
>
> If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

According to defendant, the absence of these two paragraphs, which explain how the reasonable doubt standard is applied to the elements

of the charged offense, denied him his constitutional right to a fair trial.[1]

In response, the State argued that defendant waived any alleged deficiencies in IPI Criminal 4th No. 14.04 by failing to object to the instruction as given, failing to tender any alternative instructions, and failing to raise the issue in his motion for a new trial. Moreover, the State insisted that invocation of the plain error exception to the waiver rule (see 134 Ill. 2d R. 615(a)) was unwarranted because (1) as given, IPI Criminal 4th No. 14.04 accurately sets forth the elements of Class 1 robbery; (2) the jury received IPI Criminal 4th No. 2.03, which expressly sets forth both the burden of proof and the presumption of innocence; (3) the trial court *read* the omitted portion of IPI Criminal 4th No. 14.04 to the jury on at least two occasions.

Defendant filed a reply brief, and shortly thereafter the appellate entered the following order, on its own motion:

> "The record contains the jury's signed verdict which reads, 'We the jury, find the defendant, Ewatha Green, guilty of Robbery.' The charge contained in the verdict form is in conflict with several of the instructions given the jury, the trial judge's remarks to the jury, and the indictment which was read to the jury, all of which present a different charge, that of *robbery of a person 60 years of age or over*.[2] Accordingly, on the court's own motion, this court orders appellant to file *** a brief addressing the significance and effects of the inconsistencies between the charge as contained in the jury verdict and the charge as contained in the other trial proceedings as recited, and explaining how and why the inconsistencies occurred." (Emphases added.)

In response to the appellate court's order, defendant filed a supplemental brief citing this court's decision in *People v. Mack*, 167

---

[1]This omission has been corrected. See Illinois Pattern Jury Instructions, Criminal, No. 14.04 (4th ed. Supp. 2003).

[2]In fact, "robbery of a person 60 years of age or over" appears nowhere in the indictment, even as read to the jury, and in only 2 of the 17 instructions.

Ill. 2d 525 (1995). In *Mack*, this court reversed and remanded for a new death sentencing hearing because, while the eligibility *instruction* form contained all of the necessary elements, the eligibility *verdict* form that the jury signed omitted one of those elements. In reversing and remanding, this court explained:

> "It is well established that a general verdict of 'guilty in manner and form as charged in the indictment' or simply 'guilty' is sufficient to sustain a conviction [citation], as is a verdict identifying the offense by name [citation]. However, where the verdict purports to set out the elements of the offense as specific findings, it must do so completely or be held insufficient. [Citation.]" *Mack*, 167 Ill. 2d at 538.

According to defendant's supplemental brief, the verdict form in this case is like that in *Mack* because "it failed to set forth an essential component of the charged offense of robbery of a person 60 or over–the enhancing element of the victim's age." Defendant continued, "[t]he signed verdict form did not refer to the indictment or simply find the defendant guilty without reference to a specific crime; rather, it identified an offense by name. But that offense was robbery, not the enhanced offense of robbery of a person 60 years of age or over." The State then filed a supplemental response, arguing that there was no conflict between the elements instruction and the verdict form and that, even if there were, defendant waived any objection to that conflict by failing to raise it below.

Supplemental briefing complete, the appellate court filed its decision. The appellate court began by addressing defendant's original argument–namely, that the omission of the two standard paragraphs from IPI Criminal 4th No. 14.04 compromised defendant's constitutional right to a fair trial. The appellate court disagreed with defendant on this point, explaining that the jury in this case was repeatedly instructed on both the presumption of innocence and the burden of proof, and that these instructions were sufficient to ensure that the jury understood its obligations. 364 Ill. App. 3d 923, 927-28.

The appellate court then addressed the "conflict" between the elements instructions and the verdict form. In doing so, however, the appellate court nowhere addressed or even acknowledged any of the arguments raised in the supplemental briefs, which were custom ordered by the appellate court and which extended the briefing phase of this case by almost four months. Instead, the appellate court simply

declared *sua sponte* that the "conflict" between the instructions and the verdict form violated the principles announced by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). According to the appellate court, *Apprendi* "dealt directly with the requirement of a verdict form that demonstrates a jury's determination of guilt, beyond a reasonable doubt, of each element of an offense." 364 Ill. App. 3d at 929. With this as its premise, the appellate court then reasoned as follows:

> "[T]he jury in this case made a determination of guilt beyond a reasonable doubt, as indicated by its signed verdict, that defendant was guilty of robbery only. The jury did not make a determination of any enhancement element. Defendant can be deemed to have been convicted of robbery only and cannot be sentenced for any crime other than robbery." 364 Ill. App. 3d at 929.

As a result of this analysis, the appellate court reduced defendant's conviction from Class 1 "robbery of a person 60 years of age or over" to Class 2 "robbery." 364 Ill. App. 3d at 929.

The State filed a petition for leave to appeal, which we allowed. 210 Ill. 2d R. 315(a). Before this court, the State argues that the appellate court's *Apprendi* analysis is fundamentally flawed and that, in any event, there is no conflict between the elements instruction and the signed verdict form. By way of response, defendant essentially concedes that this case has little, if anything, to do with *Apprendi*. Instead, defendant argues, "it is really Illinois case law regarding verdict forms that controls the resolution of the instant case." In other words, rather than defend the appellate court's *Apprendi* analysis, defendant reasserts the *Mack* argument advanced in his supplemental appellate court brief. At the same time, defendant seeks cross relief on the basis of his original appellate court argument–that the omission of the two standard paragraphs from IPI Criminal 4th No. 14.04 compromised his constitutional right to a fair trial.

## DISCUSSION
### The Conflict

Both the appellate court's *Apprendi* analysis and defendant's *Mack* argument are premised upon the perceived conflict between the elements instruction and the signed verdict form. We will therefore

begin by examining whether such a conflict even exists. Again, according to the appellate court:

> "The record contains the jury's signed verdict which reads, 'We the jury, find the defendant, Ewatha Green, guilty of Robbery.' The charge contained in the verdict form is in conflict with several of the instructions given the jury, the trial judge's remarks to the jury, and the indictment which was read to the jury, all of which present a *different* charge, that of *robbery of a person 60 years of age or over*." (Emphases added.)

The problem with this pronouncement is that "robbery" and "robbery of a person 60 years of age or over" are not distinct crimes, a fact that even a cursory examination of the robbery statute reveals.[3] Rather, Illinois has a single offense called "robbery" that is either a Class 1 or a Class 2 felony, depending upon the nature of the victim:

> "(a) A person commits *robbery* when he or she takes property \*\*\* from the person or presence of another by the use of force or by threatening the imminent use of force.
>
> (b) Sentence.
>
> *Robbery* is a Class 2 felony. However, if the victim is 60 years of age or over \*\*\* *robbery* is a Class 1 felony." (Emphases added.) 720 ILCS 5/18–1 (West 2004).

Thus, under the statute's plain language, even when charged as a Class 1 felony because of the victim's age, the name of the offense committed remains "robbery."

In this case, the jury was given a single elements instruction, which clearly set forth three propositions that the State was required to prove:

> "*First Proposition*: That the defendant knowingly took property from the person or presence of Carol Mortonson; and

---

[3] Although the focal point of the appellate court's analysis, the robbery statute itself is never even cited, let alone described or discussed, anywhere in the appellate court's opinion.

> *Second Proposition*: That the defendant did so by the use of force; and

> *Third Proposition*: That the person from whom the defendant took property was 60 years of age or over."

Under section 18–1 of the Criminal Code of 1961, these three propositions combine to form a Class 1 offense called "robbery," which is the precise offense identified in the verdict form. The elements instruction and the verdict form are therefore perfectly consistent. Moreover, that IPI Criminal 4th No. 14.04 begins with the phrase "[t]o sustain the charge of *robbery of a victim 60 years of age or over*, the State must prove the following propositions" is of no consequence in this case. Again, Illinois has a single offense called "robbery" that is either a Class 1 or Class 2 felony, depending upon the nature of the victim. By using the phrase "robbery of a victim 60 years of age or over," IPI Criminal 4th No. 14.04 simply describes which form of "robbery" the State is seeking to prove.

### *Mack*/*Apprendi*

The elements instruction and the signed verdict form do not conflict. Consequently, we need not address defendant's *Mack* argument, which is premised upon the existence of that conflict. And ordinarily, that would be the case with the appellate court's *Apprendi* analysis, as well. In this case, however, that analysis contains an error so fundamental that we are compelled to correct it rather than risk its repetition.

According to the appellate court, *Apprendi* "dealt directly with the requirement of a verdict form that demonstrates a jury's determination of guilt, beyond a reasonable doubt, of each element of an offense." 364 Ill. App. 3d at 929. Not surprisingly, the appellate court does not provide any citation for this unprecedented description of *Apprendi*. This is most likely because *Apprendi* does not speak in any way to the structure of a verdict form, let alone mandate "a verdict form that demonstrates a jury's determination of guilt, beyond a reasonable doubt, of each element of an offense." On the contrary, *Apprendi* "merely requires the State to prove to the jury beyond a reasonable doubt all facts underlying the sentence imposed on the defendant."

*Hill v. Cowan*, 202 Ill. 2d 151, 158 (2002). The core holding of *Apprendi* is this:

> "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

Both of these things occurred in this case. All of the facts that permit robbery to be charged as a Class 1 felony, including the age of the victim, were submitted to the jury. And defendant concedes that the State proved all of those elements to the jury beyond a reasonable doubt. *Apprendi* requires nothing more.


### IPI Criminal 4th No. 14.04

We now turn to the original basis for this appeal. As tendered to the jury in this case, IPI Criminal 4th No. 14.04 lacked the two standard paragraphs explaining how the reasonable doubt standard is applied to the elements of the charged offense. Defendant insists that this omission denied him his right to a fair trial, as guaranteed by the due process clause of the fourteenth amendment. Although he concedes that he neither objected to the instruction as given nor raised the alleged deficiency in his posttrial motion, he argues that the omission of the two paragraphs from IPI Criminal 4th No. 14.04 amounts to plain error. See 134 Ill. 2d R. 615(a).

It is well established that "there can be no plain error if there is no error." *People v. Johnson*, 218 Ill. 2d 125, 139 (2005). Here, there is no error.

The due process clause of the fourteenth amendment protects a defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 25 L. Ed. 2d 368, 375, 90 S. Ct. 1068, 1073 (1970). Consequently, to ensure a fair trial, the trial court must instruct the jury on such basic matters as the elements of the offense, the presumption of innocence, and the burden of proof. *People v. Parks*, 65 Ill. 2d 132, 137 (1976). That said, as long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the

government's burden of proof. *Victor v. Nebraska*, 511 U.S. 1, 5, 127 L. Ed. 2d 583, 590, 114 S. Ct. 1239, 1243 (1994). Rather, taken as whole, the instructions must correctly convey the concept of reasonable doubt to the jury. *Victor*, 511 U.S. at 5, 127 L. Ed. 2d at 590, 114 S. Ct. at 1243.

Defendant concedes that he was unable to find even one case in which the absence of a jury instruction explaining how to apply the reasonable doubt standard was deemed reversible error, let alone a due process violation. Our search fared no better. What we did find, however, is *People v. Layhew*, 139 Ill. 2d 476 (1990). In *Layhew*, the defendant argued that he was denied his rights to due process and a fair trial when the trial court failed to give Illinois Pattern Jury Instructions, Criminal, No. 2.03 (2d ed. 1981) (IPI Criminal 2d). That instruction, which sets forth the presumption of innocence and the burden of proof, reads as follows

> "The defendant is presumed to be innocent of the charges against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict, and is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty.
>
> The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The defendant is not required to prove his innocence." Illinois Pattern Jury Instructions, Criminal, No. 2.03 (2d ed. 1981).

Before discussing the consequences of the trial court's failure to give this instruction, this court explained the unique importance of IPI Criminal 2d No 2.03. Citing *Parks*, the court confirmed that, to ensure a fair trial, " 'a court bears the burden of seeing that the jury is instructed on the elements of the crime charged, on the presumption of innocence and on the question of burden of proof.' " *Layhew*, 139 Ill. 2d at 486, quoting *Parks*, 65 Ill. 2d at 137. The court then explained that, in relation to the presumption of innocence and the burden of proof, IPI Criminal 2d. No 2.03 fulfills this obligation:

> "A written instruction that informs the jury of the presumption of defendant's innocence and the State's burden of proving defendant guilty beyond a reasonable doubt is *a*

*time-honored and effective method of protecting a defendant's right to a fair trial*, which is guaranteed by the due process clause of the fourteenth amendment." (Emphasis added.) *Layhew*, 139 Ill. 2d at 486, citing *Taylor v. Kentucky*, 436 U.S. 478, 490, 56 L. Ed. 2d 468, 478, 98 S. Ct. 1930, 1937 (1978).

Thus, under *Layhew*, when it comes to instructing the jury on the burden of proof and the presumption of innocence, IPI Criminal 2d No. 2.03 is sufficient to ensure that a defendant's right to a fair trial is protected. *Layhew*, 139 Ill. 2d at 486; see also *People v. Casillas*, 195 Ill. 2d 461, 473 (2000) (holding same).

In this case, the jury received IPI Criminal 4th No. 2.03, which, like its second-edition predecessor, clearly explains that the defendant is presumed to be innocent and that the State bears the burden of proving the defendant's guilt beyond a reasonable doubt:

> "The defendant is presumed to be innocent of the charge against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict and is not overcome unless from all the evidence in this case you are convinced beyond a reasonable doubt that he is guilty.
>
> The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The defendant is not required to prove his innocence." Illinois Pattern Jury Instructions, Criminal, No. 2.03 (4th ed. 2000).

Moreover, the jury received IPI Criminal 4th No. 14.04, which sets forth every element that the State must prove to secure a conviction for Class 1 robbery involving a victim 60 years of age of older. And though it did not receive a written instruction to that effect, the jury was twice *told* by the trial court that the State must prove "each and every element" of the offense beyond a reasonable doubt. Under both *Layhew* and *Parks*, these instructions were sufficient to ensure that defendant's rights to due process and a fair trial were protected. In fact, once IPI Criminal 4th No. 2.03 was given, the constitutional threshold was met. *Layhew*, 139 Ill. 2d at 486; *Casillas*, 195 Ill. 2d at 473.

On this last point, we note that the trial court in this case complied fully with the mandate established by this court in Supreme Court Rule 451(a). That rule states:

> "Whenever Illinois Pattern Jury Instructions, Criminal (4th ed. 2000) (IPI Criminal 4th), contains an instruction applicable in a criminal case, giving due consideration to the facts and the governing law, and the court determines that the jury should be instructed on the subject, the IPI Criminal 4th instruction shall be used, *unless the court determines that it does not accurately state the law.*" (Emphasis added.) 210 Ill. 2d R. 451(a).

Here, the jury received IPI Criminal 4th No. 14.04, the elements instruction for Class 1 robbery involving a victim 60 years of age of older. The version tendered was taken from the bound edition of the IPI Criminal 4th and therefore did not contain the standard paragraphs explaining that the reasonable doubt standard must be applied to each element of the charged offense. Nevertheless, to the extent that the tendered instruction defined the elements of Class 1 robbery, it accurately stated the law. Accordingly, under Rule 451(a), the trial court had no clear cause to dispense with the pattern instruction. That said, IPI Criminal 4th No. 14.04 now contains the two omitted paragraphs, and we would expect future trial courts to give this most recent version of that instruction. In other words, no one should construe our decision in this case as a license to dispense with the two reasonable doubt paragraphs ordinarily found at the conclusion of criminal elements instructions. Rule 451(a) remains the standard, and therefore "the IPI Criminal 4th instruction shall be used."

## CONCLUSION

For the reasons set forth above, we reverse the appellate court's reduction of defendant's conviction from Class 1 robbery to Class 2 robbery. Otherwise, the judgment of the appellate court is affirmed, and the judgment of the circuit court is affirmed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed.*

-11-