(No. 40431.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES H. WHITFIELD, Appellant.

*Opinion filed June 21, 1968.—Rehearing denied Sept. 24, 1968.*

KLUCZYNSKI, J., dissenting.
WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, (SHELVIN SINGER, FREDERICK F. COHN, and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and DAVID B. SELIG, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The question here presented is whether a defendant has the constitutional right to be advised by his counsel of the State's offer to accept a plea of guilty to the reduced charge of manslaughter and to recommend probation.

This appeal is from an order of the circuit court of Cook County dismissing defendant's petition under the Post-Conviction Hearing Act. The hearing judge found that the prosecutor had told defendant's attorney that the State would accept a plea of guilty to manslaughter and recommend probation, but he found that the offer was not communicated to the defendant. He held as a matter of law, however, that the failure to communicate the offer was not a violation of defendant's constitutional rights.

The record amply supports the findings of the trial judge. The affidavit by the assistant State's Attorney who prosecuted the case was attached to the petition and related the following: An offer to reduce the charge from murder to manslaughter was made to defendant's court-appointed

counsel since the only witnesses were friends of the defendant, and the assistant State's Attorney stated that he would not object to an application for probation. Later that day the attorney said his client would not plead guilty and about the day of trial made a similar statement when asked about the possibility of a plea of guilty. When questioned by defendant's mother as to what would happen to him, the prosecutor related the offer made to the attorney and said further "that her son would perhaps get probation if he pleaded guilty to manslaughter."

Defense counsel testified that he had talked to defendant's mother about the offer, but not with the defendant, and that he thought he could win the case. Both the defendant and his mother testified that she did not tell defendant of the offer until after he was convicted in a bench trial and was sentenced to the penitentiary for a term of 14 to 18 years. There is nothing to indicate that the trial judge knew of the offer or its refusal.

As we said in *People* v. *Darrah,* 33 Ill.2d 175, 180: "These cases [prior citations] illustrate some of the problems that may result from a 'negotiated' plea—a plea of guilty to a lesser offense entered by agreement with the prosecution, for example, or one entered after an understanding has been reached as to the sentence that the prosecution will recommend." The possibility of elimination of any differentiation between a sentence imposed after a plea of guilty and one imposed after trial was then discussed in *Darrah* followed by the following comment: "Moreover such a rule would require a sentencing judge to ignore in every case the defendant's knowledge of his own guilt, however clearly that knowledge might have been established, and to disregard the assumed psychological effect of an acknowledgment of guilt as an important step in the process of reformation. In the present state of our knowledge of human psychology it is at least doubtful that judges should be required, in every case, to disregard that assumption

when imposing sentence." (33 Ill.2d 175, 180.) But we are not here faced with a negotiated plea, rather we must pass upon defendant's lack of opportunity to accept or reject an offer of such a plea.

The State suggests that this was a strategic or tactical decision of defendant's counsel with its concomitant question of waiver of a constitutional right. Waiver was considered at some length in *People* v. *Williams,* 36 Ill.2d 194, and a review was made of the Federal cases dealing with the subject. The conclusion then reached was that a waiver by counsel as a matter of trial strategy is binding on an accused, while waiver of a right not constituting trial strategy will not be binding on the accused unless the accused participates in the waiver.

A defendant has the right to decide whether to appeal or not to appeal (*Fay* v. *Noia,* 372 U.S. 391, 9 L. Ed. 2d 837, 83 S. Ct. 822) as well as the right to decide whether to plead not guilty. (*Brookhart* v. *Janis,* 384 U.S. 1, 16 L. Ed. 2d 314, 86 S. Ct. 1245.) These rights and others go beyond trial strategy. It follows logically that if a defendant has the right to make a decision to plead not guilty, he also has the right to make the decision to plead guilty. Due process demands this protection. It was his choice, not that of his counsel or his mother. This does not lower the bars for stale unfounded claims of prisoners as the prosecution seems to think because in this case it is conceded by all, including the assistant State's Attorney, that the offer was made, and the testimony of the defense counsel, of the mother of the defendant, and of defendant established that the offer was not transmitted. This is a rather unique situation. Any similar cases can be dealt with as they arise.

We sympathize with the prosecution's plaintive query: What more could he have done than make the offer in good faith, explain it to the defendant's mother and accept defense counsel's statement that the offer had been conveyed.

The answer, of course, is that he could do nothing further. We agree that he was put in an untenable position since he could not speak to the defendant directly. However, there should be no reoccurrence of the problem after this opinion.

The judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

Mr. Justice Kluczynski dissenting.

Mr. Justice Ward took no part in the consideration or decision of this case.