THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MELVIN DYER, Defendant-Appellant.

Fifth District   No. 76-396

Opinion filed May 12, 1978.

G. MORAN, J., dissenting.

Ralph Ruebner and Andrew Berman, both of State Appellate Defender's Office, of Chicago, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro (James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, Melvin Dyer, was convicted at a jury trial in the Circuit Court of Montgomery County of the offense of aggravated battery in violation of section 12—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(a)).

Defendant raises two issues on appeal: (1) whether the jury was properly instructed on the issue of self-defense and (2) whether the closing argument of the prosecutor deprived defendant of a fair trial. Defendant has failed to file any post-trial motion, oral or written;

therefore, the issues are deemed waived for purpose of this appeal. (*People v. Hammond*, 48 Ill. App. 3d 707, 362 N.E.2d 1361 (5th Dist. 1977).) Nevertheless, we will discuss the issues.

■■■ The court, over defendant's objection, gave the following issue instruction:

"To sustain the charge of aggravated battery, the State must prove the following proposition:

That the defendant knowingly or intentionally caused great bodily harm to Leroy Roehl.

If you find from your consideration of all the evidence that this proposition has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that this proposition has not been proved beyond a reasonable doubt, then you should find the defendant not guilty."

Defendant's objection was that the instruction forecloses jury consideration of justification. The court gave defendant's tendered instruction, IPI Criminal No. 24.06, use of force in defense of person, which states:

"A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend himself against the imminent use of unlawful force.

However, a person is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent great bodily harm to himself * * *."

It has long been held that the jury is properly instructed if the series of instructions construed as a whole, fully and properly inform the jury of the law applicable to the case. (*People v. Allen*, 35 Ill. App. 3d 342, 341 N.E.2d 431 (5th Dist. 1976).) We hold that the above-quoted instructions when considered with IPI Criminal No. 2.03, presumption of innocence, and the State's burden of proof instruction sufficiently informed the jury of the law applicable to the defendant's theory of defense, self-defense, and the State's burden of proof.

■■ Defendant's second contention of error is more difficult to resolve. Defendant alleges that the following statement in the prosecutor's closing argument was so prejudicial that he was denied a fair trial:

"* * * the defendant was under arrest at the Litchfield Police building and that the defendant screamed and hollered and became beligerant and became more violent even after Deputy Wilson came to take him over to the County Jail. He jumped up on

a chair and said he was a killer and threatened to get them all. Put up an abusive stream of language throughout and laughed at the fact that he was in jail. Also Mr. Shade observed when he first came to the police station that Mr. Dryer was not injured in anyway or any manner, no cuts or bruises or anything like that on his face. Deputy Chuck Wilson testified to the defendant's actions at the jail also. Officer Hand also testified to the violent conduct of the defendant that same evening at Owen's Gas Station.

Mr. MCGRADY: We object, Your Honor, the Court has ruled on that and Mr. Long knows he has ruled on it and he is bringing it out prejudicially. We ask for a mistrial.

THE COURT: It will be denied, proceed, Mr. Long.

MR. LONG: Mr. Hand testified that Mr. Dyer struck the attendant at Owen's Gas Station and that he was also not cooperative at the time he was placed under arrest, that he attempted to hit Officer Hand with his elbow ow [*sic*] was just turning around."

While defendant alleges error in the closing argument, we tend to take a broader view of the issue. Pursuant to pretrial discovery, the prosecutor was informed that defendant's defense at trial would be self-defense. In the State's case in chief, the State introduced evidence tending to show that defendant was in "an aggressive mood" on the evening of the offense; therefore, the jury was to conclude that the defendant was the aggressor and had not acted in self-defense. Four police officers and one fireman testified that after defendant had been arrested for aggravated battery and was in the process of being transferred from the Litchfield city jail to the county jail, the defendant "started yelling and striking around and he jumped up on a chair and had to be drug off the chair and handcuffed." One police officer testified that on the night of the aggravated battery, he received a call from a liquor store where the proprietor alleged that defendant and his companions had attempted to leave the store without paying for the beer. Two police officers testified that the defendant had been involved in a battery at a service station on the evening of the aggravated battery. The general rule is that evidence of crimes other than the one for which the accused is being tried is not admissible. However, exception is made for evidence which shows motive, intent, identity, absence of mistake and *modus operandi* even though it may show the commission of other offenses. In fact, it has been broadly held that evidence of other offenses is admissible if relevant for any purpose other than to show a propensity to commit a crime. (*People v. Marine*, 48 Ill. App. 3d 271, 362 N.E.2d 454 (5th Dist. 1977).) We fail to see how evidence of theft is relevant to establish that defendant was in an

aggressive mood as theft is not a forcible or violent crime as defined in section 2—8 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 2—8). Likewise, the evidence of defendant's actions at the city jail should not have been introduced into evidence as they were not relevant to the issues in this case. Although error was committed in this case, we find that the error was harmless. (See *People v. Moore*, 35 Ill. 2d 399, 220 N.E.2d 443, *cert. denied* (1967), 389 U.S. 861, 19 L. Ed. 2d 128, 88 S. Ct. 112). The State's evidence indicated defendant, without provocation, called to the victim, who was walking on the other side of the street. The victim crossed the street, and defendant beat him with his fists causing great bodily harm to the victim. In order to establish the defense of self-defense, defendant testified the victim pulled a machette out of his pocket and that defendant acted in self-defense. Defendant kicked the machette out of the victim's hand and threw it onto the roof of a nearby building. The defendant made no attempt to retrieve the machette for trial and as far as he knew it was still on the roof. In rebuttal, a police officer testified that he had just completed a search of the roof of the building and did not find a machette. A witness for the defendant testified that it was not a machette the victim pulled out of his pocket but a butcher knife. The incredible testimony of defendant and his witnesses rendered any error harmless beyond a reasonable doubt in view of the overwhelming evidence of defendant's guilt. (*People v. Delk*, 36 Ill. App. 3d 1027, 1040, 345 N.E.2d 197, 208 (5th Dist. 1976).) We do not believe that these errors in the admission of evidence and argument could possibly have affected the jury in its consideration of defendant's guilt.

For the foregoing reasons, the judgment of the Circuit Court of Montgomery County is affirmed.

Affirmed.

JONES, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

I disagree with the majority's holding that defendant has waived his right to appeal by failing to file a post trial motion. The majority relies on the opinion of this court in *People v. Hammond*, 48 Ill. App. 3d 707, 362 N.E.2d 1361, which construed section 116—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 116—1) as requiring a written post trial motion in order to preserve the right to appeal. Section 116—1 describes the procedure for a motion for a new trial but does not expressly require the motion in order to preserve issues on appeal or

contain any reference to the waiver rule. As I argued in my dissent in *Hammond,* the majority's construction of section 116—1 places a substantial limitation on the right to appeal and therefore represents an unconstitutional legislative infringement of the exclusive judicial power to regulate appeals. In addition, the restrictive interpretation of section 116—1 adopted by the majority in *Hammond* and in the present case effectively denies the right to appeal from a criminal conviction to persons who have been denied effective assistance of counsel at trial.

Criminal defendants have a right to be represented by counsel at all critical stages of the proceedings. (*Escobedo v. Illinois,* 378 US. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758; *People v. Noble,* 42 Ill. 2d 425, 248 N.E.2d 96; *People v. Hessenauer,* 45 Ill. 2d 63, 256 N.E.2d 791.) The right to assistance of counsel embraces effective representation throughout all stages of the trial. (*McMann v. Richardson,* 397 U.S. 759, 25 L. Ed. 2d 763, 90 S. Ct. 1441; *People v. Allen,* 132 Ill. App. 2d 1015, 270 N.E.2d 54.) This right to effective assistance extends to all critical stages of a criminal proceeding which may generally be described as those stages at which a defendant's rights may be lost or waived, or the outcome of the proceedings otherwise substantially affected. In Illinois, for example, it is generally held that the withdrawal of a guilty plea (*People v. Holmes,* 12 Ill. App. 3d 1, 297 N.E.2d 204), and sentencing proceedings (*People v. Green,* 34 Ill. App. 3d 153, 340 N.E.2d 58) are critical stages of the criminal justice process at which a defendant is entitled to effective assistance of counsel.

Under the waiver rule adopted by the majority in *Hammond* and in the present case, the filing of a post trial motion must also be treated as a critical stage of a criminal proceeding. Section 6 of article VI of the Illinois Constitution provides that appeals from final judgments of a circuit court lie as a matter of right to an appellate court. (Ill. Const. 1970, art. VI, §6.) Since the majority holds that the failure to file a post-trial motion precludes a defendant from pursuing his right to appeal, this stage of the proceedings is certainly a critical one at which defendant is entitled to effective assistance of counsel. Effective assistance of counsel at this stage must include at a minimum an obligation on the part of trial counsel to advise the defendant of the nature of his right to appeal (*People v. Wilson,* 50 Ill. 2d 323, 278 N.E.2d 775) and to preserve defendant's right to appeal (*People v. Brown,* 39 Ill. 2d 307, 235 N.E.2d 562). A defendant may, of course, waive his right to appeal, but this waiver must be a knowing waiver. Defendant has a right to decide to appeal or not to appeal. (*People v. Whitfield,* 40 Ill. 2d 308, 239 N.E.2d 850.) A waiver of the right to appeal should not be presumed but should clearly appear in the record. A waiver of defendant's right to appeal by virtue of trial counsel's failure to complete the necessary procedural steps for appeal,

therefore, should not be binding on a defendant unless the record indicates that the defendant participated in the waiver. *People v. Whitfield*, 40 Ill. 2d 308, 239 N.E.2d 850.

It is generally held that where the alleged incompetency of trial counsel has resulted in substantial prejudice to a defendant without which the outcome of a criminal proceeding would probably have been different, the defendant has been denied the right to effective assistance of counsel. (*People v. Goerger*, 52 Ill. 2d 403, 288 N.E.2d 416.) Since the majority would deny the right to appeal to a defendant who has not filed a motion for a new trial, the failure of trial counsel to file a post trial motion in my opinion constitutes a per se denial of effective assistance of counsel where the record at trial reveals the existence of substantial questions for review. In this situation defendant must be allowed to appeal from a criminal conviction despite the failure of trial counsel to file a post-trial motion. The doctrine of waiver should not be applied to deny a defendant's right to appeal where the asserted waiver is the result of ineffective assistance of counsel. (See *People v. Brown*, 39 Ill. 2d 307, 235 N.E.2d 562.) Yet, the majority has formulated a waiver rule which penalizes a defendant for the incompetency of his trial counsel for failing to preserve defendant's right to appeal by not filing a post trial-motion, a result which is entirely inconsistent with defendant's right to effective assistance of counsel and with fundamental precepts of due process.

In the present case defense counsel made timely objections during trial which afforded the trial court an opportunity to correct the errors which are not presented on appeal.

This dissent is buttressed by the rationale of *Petition of Croteau*, 234 N.E.2d 737 (Mass. 1968), wherein the Supreme Court of Massachusetts held that review of a sentence by the appellate court is a critical stage of the proceedings at which a defendant is entitled to assistance of counsel.

Much of the evidence in this case was irrelevant to the issues. The error was compounded by the argument of the State's Attorney. I would remand for a new trial.