PER CURIAM.
The defendant was convicted, inter alia, of a) burglary of an occupied dwelling with a firearm, and b) robbery with a firearm, and sentenced for the commission of the separate statutory offenses. We reject the claim that his conviction for burglary of an occupied dwelling with a firearm, under sections 810.02(2)(a) and (b), Florida Statutes (1987) is subsumed within his conviction of robbery with a firearm, pursuant to section 812.13, Florida Statutes (1987). By definition, each offense contains an element not common to the other. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); cf. Peterson v. *1208 State, 542 So.2d 417 (Fla. 4th DCA 1989); see § 775.021(4)(a), Fla.Stat. (1989).
The defendant was also convicted of attempted murder with a firearm. The trial court ordered a departure sentence based upon the fact that the offense was committed upon a policeman in the line of duty. See Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985), aff'd, 483 So.2d 423 (Fla.1986). Because the offense was committed on October 17, 1987, after section 921.001(5), Florida Statutes (1987) had taken effect, the ordered sentence is upheld based upon that valid reason for departure regardless of the presence of other reasons which may or may not have justified the enhanced sentence.
Finally, the defendant claims, and the state properly concedes, that the defendant’s convictions of burglary, robbery, and attempted murder, all with a firearm, preclude the additional punishment attendant upon a conviction of and sentence for possession of the same firearm. See Hall v. State, 517 So.2d 678 (Fla.1988); Carawan v. State, 515 So.2d 161 (Fla.1987).
For the foregoing reasons, the defendant’s conviction and sentence for possession of a firearm during the commission of a felony is vacated. In all other respects, his convictions and sentences are affirmed.