PER CURIAM.
This is an appeal by the defendant William Torrence from final judgments of conviction and sentences for (1) manslaughter with a firearm, and (2) unlawful possession of a firearm during the commission of a felony. We affirm in part and reverse in part.
First, we conclude that the trial court did not, as urged, commit any error in instructing the jury in accord with Flor-ida Standard Jury Instruction (Criminal) 2.03, that:
“If you have a reasonable doubt, you should find the defendant not guilty. If you have no reasonable doubt, you should find the defendant guilty.”
In our view, this instruction clearly informs the jury that a not guilty verdict is required if the jury has a reasonable doubt concerning the guilt of the defendant — and that, conversely, a guilty verdict is required if the jury has no reasonable doubt concerning the guilt of the defendant. We cannot agree that the use of the word “should,” rather than “must,” in this instruction conveys the impression that it is discretionary with the jury whether to acquit if they have a reasonable doubt concerning the defendant’s guilt. To the contrary, the instruction gives the jury only two choices depending on whether they have such a reasonable doubt and conveys the clear meaning that an acquittal is the jury’s only choice if they entertain such a reasonable doubt. Moreover, when read in context with the entire standard jury instruction from which the portion under review is taken, it is clear that the jury was informed in unmistakable terms that an acquittal was required if the jury had a reasonable doubt concerning the defendant’s guilt. United States v. Park, 421 U.S. 658, 674, 95 S.Ct. 1903, 1912-13, 44 L.Ed.2d 489 (1975); Cupp v. Naughten, 414 U.S. 141, 146-47, 94 S.Ct. 396, 400-01, 38 L.Ed.2d 368, 373-74 (1973).
Second, the state properly confesses error that it was a violation of the defendant’s double jeopardy rights under Carawan v. State, 515 So.2d 161 (Fla.1987) to convict the defendant on the firearm charge. Although Carawan has been superseded by Section 775.021(4), Florida Statutes (1989), the offenses in this case took place prior to the effective date of the statute, and, accordingly, the said statute is inapplicable to this case. State v. Smith, 547 So.2d 613 (Fla.1989); Hollinger v. State, 564 So.2d 262 (Fla. 3d DCA 1990); Wright v. State, 561 So.2d 1197 (Fla. 3d DCA 1990); Stanley v. State, 560 So.2d 1269 (Fla. 3d DCA 1990); Salazar v. State, 560 So.2d 1207 (Fla. 3d DCA), cause dismissed, 567 So.2d 435 (Fla.1990); Jones v. State, 547 So.2d 1278 (Fla. 3d DCA 1990); Gonzalez v. State, 543 So.2d 386 (Fla. 3d DCA), rev. denied, 549 So.2d 1014 (Fla.1989).
The final judgment of conviction and sentence for manslaughter is affirmed; the final judgment of conviction and sentence for unlawful possession of a firearm during the commission of a felony is reversed and the cause is remanded to the trial court *1190 with directions to vacate such conviction and sentence.
Affirmed in part; reversed in part and remanded.