PER CURIAM.
Rejecting each of the appellant’s claims of error with respect to his multiple convictions, we hold that (a) the trial judge did not err in concluding that the state’s peremptory challenges were not racially motivated, see Davis v. State, 560 So.2d 1346 (Fla. 3d DCA 1990); Knight v. State, 559 So.2d 327 (Fla. 1st DCA 1990), review denied, 574 So.2d 141 (Fla.1990); (b) the motion to suppress the defendant’s confession on the ground of involuntariness was properly denied; (c) the evidence was sufficient to support the conviction of false imprisonment, see Perez v. State, 566 So.2d 881 (Fla. 3d DCA 1990); and (d) the court’s failure to elucidate the concepts of justifiable and excusable homicide was not fundamental error. State v. Delva, 575 So.2d 643 (Fla.1991); Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983).
We similarly find no error in the imposition of sentences in upward deviation from *316 the guidelines. See Salazar v. State, 560 So.2d 1207 (Fla. 3d DCA 1990), cause dismissed, 567 So.2d 435 (Fla.1990); Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985), aff'd, 483 So.2d 423 (Fla.1986); see also State v. Simpson, 554 So.2d 506 (Fla.1989). We do conclude, as the state concedes, that the court erroneously imposed five consecutive mandatory minimum sentences under section 775.087, Florida Statutes (1989). Since counts I and II arose out of one incident; and counts III, IV and V, out of another distinct one, only two consecutive minimum mandatory provisions should have been imposed. See Junco v. State, 510 So.2d 909 (Fla. 3d DCA 1987), review denied, 518 So.2d 1276 (Fla.1987). The cause is remanded solely for correction of the sentences accordingly. Otherwise, the convictions and sentences are entirely affirmed.
Affirmed, remanded.