912 N.E.2d 1231 (2009)
The People of the STATE of Illinois, Plaintiff-Appellee,
v.
Jeffrey D. SANDERS, Defendant-Appellant.
No. 2-07-1088.
Appellate Court of Illinois, Second District.
July 21, 2009.
*1232 Matthew J. Haiduk, Haiduk & Froelich, LLP, Algonquin, IL, for Appellant.
Michael J. Waller, Lake County State's Attorney, Waukegan, IL, Lawrence M. Bauer, Deputy Director, State's Attorney Appellate Prosecutor, Barry W. Jacobs, State's Attorneys Appellate Prosecutor, Elgin, IL, for Appellee.
Justice HUDSON delivered the opinion of the court:
Defendant, Jeffrey D. Sanders, appeals his conviction of and sentence for unlawful restraint (720 ILCS 5/10-3(a) (West 2004)). He contends that Illinois Pattern Jury Instructions, Criminal, No. 8.07 (4th ed. 2000) (IPI Criminal 4th) misstated the law, depriving him of due process and his right to a presumption of innocence. He also argues that he is entitled to full monetary credit against a $670 judgment for 139 days that he spent in custody. The State concedes that defendant is entitled to the credit. We determine that the jury was properly instructed and affirm defendant's conviction. However, we modify the mittimus to reflect the credit.

I. BACKGROUND
On June 27, 2007, defendant was indicted on one count of unlawful restraint. A jury trial was held, and the jury was instructed about the presumption of innocence and burden of proof under IPI Criminal 4th No. 2.03, as follows:
"The defendant is presumed to be innocent of the charge against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict and is not overcome unless from all the evidence in this case you are convinced beyond a reasonable doubt that he is guilty.
The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The defendant is not required to prove his innocence."
The court also gave IPI Criminal 4th No. 8.07, which stated:

*1233 "To sustain the charge of unlawful restraint, the state must prove the following proposition:
That the defendant knowingly and without legal authority detained [the victim].
If you find from your consideration of all the evidence that this proposition has been proved beyond a reasonable doubt, you should find the defendant guilty.
If you find from your consideration of all the evidence that this proposition has not been proved beyond a reasonable doubt, you should find the defendant not guilty."
Defendant did not object to the instructions or offer alternate instructions.
The jury found defendant guilty. On October 22, 2007, he was sentenced to 2½ years' incarceration with credit for 139 days served. On the same day, the court entered a separate judgment for $670. Defendant did not request credit against that amount for the time he was in custody.
Defendant moved for a new trial. His motion did not include any allegations concerning the jury instructions, nor did it request credit against the $670 judgment for time spent in custody. Defendant's motion was denied, and he appeals.

II. ANALYSIS
Defendant first contends that the word "should" in IPI Criminal 4th No. 8.07 is permissive and would allow the jury to convict him even if it had reasonable doubt about his guilt. Thus, he argues that the instruction violated his due process right to a presumption of innocence. However, he did not raise the matter in the trial court.
"`Generally, a defendant forfeits' or procedurally defaults `review of any supposed jury instruction error if he does not object to the instruction or offer an alternative at trial and does not raise the issue in a posttrial motion.'" People v. Sargent, 389 Ill.App.3d 904, 916, 329 Ill. Dec. 819, 907 N.E.2d 410 (2009), quoting People v. Piatkowski, 225 Ill.2d 551, 564, 312 Ill.Dec. 338, 870 N.E.2d 403 (2007). "`This principle encourages a defendant to raise issues before the trial court, thereby allowing the court to correct its errors before the instructions are given, and consequently precluding a defendant from obtaining a reversal through inaction.'" Sargent, 389 Ill.App.3d at 916, 329 Ill.Dec. 819, 907 N.E.2d 410, quoting Piatkowski, 225 Ill.2d at 564, 312 Ill.Dec. 338, 870 N.E.2d 403.
"Supreme Court Rule 451(c) (210 Ill.2d R. 451(c)) provides that `substantial defects' in criminal jury instructions `are not waived by failure to make timely objections thereto if the interests of justice require.'" Sargent, 389 Ill.App.3d at 916, 329 Ill.Dec. 819, 907 N.E.2d 410. "Rule 451(c) has been deemed `coextensive with the plain-error clause of Supreme Court Rule 615(a), and the two rules are construed identically.'" Sargent, 389 Ill. App.3d at 916-17, 329 Ill.Dec. 819, 907 N.E.2d 410, quoting Piatkowski, 225 Ill.2d at 564, 312 Ill.Dec. 338, 870 N.E.2d 403; see 134 Ill.2d R. 615(a). "Under Rule 615(a), `[a]ny error, defect, irregularity, or variance' that `does not affect substantial rights shall be disregarded' on appeal, but `[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court.'" Sargent, 389 Ill.App.3d at 917, 329 Ill.Dec. 819, 907 N.E.2d 410, quoting 134 Ill.2d R. 615(a). However, "there can be no plain error if there is no error." People v. Johnson, 218 Ill.2d 125, 139, 299 Ill.Dec. 677, 842 N.E.2d 714 (2005). Accordingly, in addressing whether there was plain error, we must first determine *1234 whether error occurred at all. Sargent, 389 Ill.App.3d at 918, 329 Ill.Dec. 819, 907 N.E.2d 410, citing People v. Hudson, 228 Ill.2d 181, 191, 319 Ill.Dec. 840, 886 N.E.2d 964 (2008).
"The due process clause of the fourteenth amendment protects a defendant from conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" People v. Green, 225 Ill.2d 612, 622, 312 Ill.Dec. 329, 870 N.E.2d 394 (2007), quoting In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). "Consequently, to ensure a fair trial, the trial court must instruct the jury on such basic matters as the elements of the offense, the presumption of innocence, and the burden of proof." Green, 225 Ill.2d at 622, 312 Ill. Dec. 329, 870 N.E.2d 394. However, "as long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." Green, 225 Ill.2d at 622, 312 Ill. Dec. 329, 870 N.E.2d 394, citing Victor v. Nebraska, 511 U.S. 1, 5, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583, 590 (1994). "Rather, taken as whole, the instructions must correctly convey the concept of reasonable doubt to the jury." Green, 225 Ill.2d at 622, 312 Ill.Dec. 329, 870 N.E.2d 394, citing Victor, 511 U.S. at 5, 114 S.Ct. at 1243, 127 L.Ed.2d at 590.
In Green, the defendant argued that he was denied due process when the jury instruction on the elements of the crime (see IPI Criminal 4th No. 14.04) did not include the two standard paragraphs stating when the jury should find him guilty or not guilty. Our supreme court held that, in relation to the presumption of innocence and the burden of proof, IPI Criminal 4th No. 2.03 "is sufficient to ensure that a defendant's right to a fair trial is protected." Green, 225 Ill.2d at 623, 312 Ill.Dec. 329, 870 N.E.2d 394. Once IPI Criminal 4th No. 2.03 is given, the constitutional threshold is met. Green, 225 Ill.2d at 623, 312 Ill.Dec. 329, 870 N.E.2d 394.
Here, IPI Criminal 4th No. 2.03 was given, meeting the constitutional requirement that the jury be instructed on the presumption of innocence and the burden of proof. Defendant does not point to any cases, and we have found none, that support his contention that the word "should" in IPI Criminal 4th No. 8.07 diminishes the meaning of IPI Criminal 4th No. 2.03, regarding the presumption of innocence and the burden of proof. To the contrary, although no Illinois court has directly addressed the use of the term "should" in relation to the presence of reasonable doubt, courts in other jurisdictions have rejected arguments that the term "should" allows jurors discretion to convict even if they harbor reasonable doubt about guilt. See, e.g., Willingham v. Mullin, 296 F.3d 917, 929 (10th Cir. 2002) (noting that the Supreme Court "has never indicated that the mandatory force inherent in the term `should' is insufficient to properly guide a jury's application of the reasonable doubt standard"); Torrence v. State, 574 So.2d 1188, 1189 (Fla.App. 1991) ("We cannot agree that the use of the word `should,' rather than `must,' in [an] instruction conveys the impression that it is discretionary with the jury whether to acquit if they have a reasonable doubt concerning the defendant's guilt" (emphasis in original)). Indeed, similar to the supreme court's analysis in Green and our analysis in this case, these foreign decisions examined as a whole the instructions provided. The Willingham and the Torrence courts then determined that the instructions adequately informed the jury *1235 that an acquittal was required if there was a reasonable doubt concerning the defendant's guilt. Willingham, 296 F.3d at 929; Torrence, 574 So.2d at 1189.
Defendant contends that People v. Pomykala, 203 Ill.2d 198, 271 Ill.Dec. 230, 784 N.E.2d 784 (2003), supports his position. Defendant's reliance on the Pomykala decision is misplaced. In Pomykala our supreme court addressed a nonpattern instruction that created a mandatory presumption that impermissibly shifted to the defendant the burden to prove an element of the crime. Here, no mandatory presumption is at issue. Instead, defendant argues that the language of the instruction is permissive. Pomykala is not relevant to his argument and does not support his position.
The instructions here worked together; IPI Criminal 4th No. 8.07 informed the jury of the elements of the crime and what was expected of the jury if the State proved or failed to prove those elements, while the constitutionally required presumption of innocence and burden of proof were firmly stated in IPI Criminal 4th No. 2.03. The instructions thus sufficiently informed the jury of the law applicable to the case, the presumption of innocence, and the burden of proof. See People v. Dyer, 61 Ill.App.3d 461, 462, 18 Ill.Dec. 740, 378 N.E.2d 204 (1978). Accordingly, there was no error in the instructions, and we affirm defendant's conviction.
Defendant next argues that he is entitled to full credit against the $670 judgment for the time he spent in custody. The State concedes that he is entitled to the credit.
Section 110-14(a) of the Code of Criminal Procedure of 1963 provides: "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed credit of $5 for each day so incarcerated upon application of the defendant." 725 ILCS 5/110-14(a) (West 2004). The credit is not limited to people who apply for it at the trial level. People v. Woodard, 175 Ill.2d 435, 447-48, 222 Ill.Dec. 401, 677 N.E.2d 935 (1997). Therefore, the normal rules of forfeiture do not apply, and the right is cognizant on appeal as a matter of course, subject to the defendant's application. Woodard, 175 Ill.2d at 457, 222 Ill. Dec. 401, 677 N.E.2d 935.
The State concedes that defendant can make his request on appeal and that he is entitled to credit sufficient to satisfy the judgment for $670.[1] Accordingly, we modify the mittimus to reflect the credit.

III. CONCLUSION
We affirm the judgment of the circuit court of Lake County but we modify the mittimus to reflect full credit against the judgment for $670.
Affirmed as modified.
JORGENSEN and BURKE, JJ., concur.
NOTES
[1] Although the record does not specify that any of the judgment, much less all of it, is for fines, the State offers to concede the credit in any event. We choose to accept the State's concession, thereby avoiding a remand and serving the interests of justice and judicial economy. See People v. Stewart, 365 Ill. App.3d 744, 752, 303 Ill.Dec. 264, 851 N.E.2d 162 (2006).