No. 2-14-0435
Opinion filed May 17, 2016

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Boone County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05-CF-321 |
| VICTOR F. MUJICA, | ) ) ) | Honorable C. Robert Tobin III, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices McLaren and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Victor F. Mujica, appeals the summary dismissal of his postconviction petition. He contends that it stated the gist of a claim that trial counsel was ineffective for failing to communicate defendant's desire to accept the State's plea offer. We affirm.

¶ 2     Defendant was charged with criminal sexual assault (720 ILCS 5/12-13(a)(3) (West 2004)) in that he committed an act of sexual penetration against his stepdaughter, M.A., who was under the age of 18. On November 5, 2010, the prosecution offered defendant an agreement under which he would plead guilty in exchange for a four-year sentence. The offer would be held open only until the next court date, on November 10. On that date, defendant's attorney, John Gaffney, told the court that, after extensive discussions, defendant had decided to proceed

with a bench trial. Following an off-the-record conversation, Gaffney said that defendant had reconsidered and wanted to plead guilty. The trial court asked defendant if he wanted to plead guilty. Defendant replied that he wanted to "make the lady happy," apparently referring to the alleged victim's mother. The court refused to accept the plea on that basis, finding that it was not voluntary. Gaffney requested more time to discuss the matter with defendant.

¶ 3    On November 29, 2010, Gaffney stated that defendant wanted to proceed with a bench trial. The court admonished defendant about relinquishing his right to a jury trial and he executed a jury waiver.

¶ 4    Gaffney later withdrew as defense counsel and the court appointed the public defender. The matter was set for trial on January 31, 2011. Subsequently Mario Perez, private counsel, entered his appearance for defendant and an April trial date was set. On the April 20, 2011, trial date, the record reflects that Perez was not present, due to his ongoing health issues. Defendant was present on that date with an interpreter and a brief exchange took place between the court and defendant before the matter was continued for another trial date. However, at no time did defendant indicate that the State had made any plea offer or that he wished to accept it.

¶ 5    The bench trial ultimately proceeded on August 22, 2011. Defendant testified and denied committing the offense. Again on this date, the record does not reflect any indication that the State had made a new plea offer or that defendant wished to accept it.

¶ 6    The trial court found defendant guilty and sentenced him to seven years' imprisonment. After defendant was sentenced, the State and the defense entered into a plea agreement on defendant's pending DUI charge. After that plea, the following colloquy occurred:

> "MR. PEREZ: Your Honor, Mr. Mujica said that he would like to ask the judge a question.

THE DEFENDANT: Why the other time that I was going to plead to four years, how come that was not accepted?

THE COURT: That was not presented to me, and, as I recall, your attorney attempted to present a plea, which did not go through, Mr. Mujica. I have sentenced you, frankly, without even considering that. You have just reminded me of that now. I didn't even recollect that when I imposed sentence on you, frankly. It didn't go through because you did not enter into a plea agreement. We had a trial in this case. You're not being penalized for not entering into a plea agreement. The truth is I did not consider that whatsoever in imposing this sentence because I didn't remember it until you just reminded me now.

THE DEFENDANT: No. The attorney that I had asked for the jury trial.

THE COURT: Okay. We went through this before. You waived jury. You've had a bench trial, Mr. Mujica. You were found guilty at a bench trial. I have imposed a seven-year sentence on you. And that's—there is no other agreements [*sic*] or anything now. Thank you."

¶ 7 In that exchange, defendant and the court were clearly referring to the first plea offer. Defendant never mentioned a second plea offer. On direct appeal, this court affirmed. *People v. Mujica*, 2013 IL App (2d) 120216-U.

¶ 8 Defendant filed a *pro se* postconviction petition, in which he alleged that Perez was ineffective. Defendant alleged that, before trial, the prosecutor offered defendant a four-year sentence in exchange for his guilty plea. Defendant informed Perez that he wished to take the deal, but Perez, against defendant's wishes, proceeded to a bench trial. Defendant attached his own affidavit attesting to these facts. There, defendant also stated that there was a court hearing

that Perez did not attend. The court asked defendant if he knew where Perez was and defendant responded that he did not know. Defendant further stated, "Through the interpreter, I stated I was ready to plead guilty. But the matter was continued."

¶ 9 The trial court dismissed the petition, finding the issue forfeited. Defendant timely appeals.

¶ 10 Defendant contends that his petition stated the gist of a constitutional claim that counsel was ineffective. He argues that the dismissal on the basis of forfeiture was incorrect because the petition relied on facts outside the record. Moreover, he contends, the petition stated a viable claim because he averred that counsel failed to accede to his desire to plead guilty and instead proceeded to a bench trial. Defendant notes that the sentence imposed following trial was three years longer than that allegedly offered by the State.

¶ 11 The Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq.* (West 2014)) provides a remedy for defendants who have suffered substantial violations of their constitutional rights. Under the Act, a postconviction proceeding contains three stages. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). At the first stage, the trial court must independently review the petition within 90 days of its filing and decide whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2014). If the court determines that the petition is frivolous or patently without merit, the court must dismiss it in a written order. *Id.*

¶ 12 To survive summary dismissal, a petition need present only the "gist of a constitutional claim." *Gaultney*, 174 Ill. 2d at 418. The "gist" standard is "a low threshold." *Id.* To set forth the "gist" of a constitutional claim, the petition "need only present a limited amount of detail" (*id.*) and thus need not set forth the claim in its entirety. *People v. Edwards*, 197 Ill. 2d 239, 244-45 (2001). A claim is frivolous or patently without merit if it is based on an indisputably

meritless legal theory or fanciful or delusional factual allegations. *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). All well-pleaded facts not positively rebutted by the trial record are taken as true. *People v. Sparks*, 393 Ill. App. 3d 878, 883 (2009).

¶ 13    We note that the trial court dismissed the petition on the basis that defendant's claim was forfeited. This was error. Issues that could have been raised on direct appeal, but were not, are forfeited. *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005). Here, as the State concedes, the critical allegations surrounding defendant's claim involved conversations between defendant and Perez that were not part of the original record on appeal. Thus, forfeiture does not apply. See *People v. Munson*, 206 Ill. 2d 104, 118 (2002). This does not necessarily require reversal, however, as we may affirm on any basis appearing in the record. *People v. Quigley*, 365 Ill. App. 3d 617, 619 (2006).

¶ 14    "The sixth amendment right to the effective assistance of counsel applies to the plea-bargaining process." *People v. Hale*, 2013 IL 113140, ¶ 15. Such claims are analyzed under the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), which requires a defendant to show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) the defendant was prejudiced by counsel's deficient performance. *People v. Guerrero*, 2011 IL App (2d) 090972, ¶ 60.

¶ 15    Defendant here averred that Perez was ineffective for not honoring his desire to accept a plea offer. A defendant has a right to decide to plead guilty. *People v. Whitfield*, 40 Ill. 2d 308, 311 (1968). Thus, defense counsel must inform a defendant of a plea offer. *Id.*

¶ 16    Here, defendant claims not that Perez failed to communicate the plea offer, but that Perez failed to communicate defendant's desire to accept it. Given that the decision to plead guilty ultimately belongs to a defendant, it follows logically that, if counsel must communicate a plea

offer, he must also communicate a defendant's desire to accept it, and the failure to do so can be ineffective assistance. *Flores v. State*, 784 S.W.2d 579, 581 (Tex. Ct. App. 1990). We need not decide, however, whether defendant's allegations here possibly establish ineffective assistance, because the record positively rebuts defendant's claims that the State made a second plea offer and that he intended to accept it.

¶ 17    Defendant alleged that he communicated to Perez his desire to accept the State's four-year plea offer but that Perez never communicated that desire to the State. However, the record shows that, once Gaffney told the trial court that defendant wanted to decline the State's offer and proceed to trial, a second offer was never mentioned. Further, even if such an offer was viable, the record refutes any allegation that defendant wanted to accept it.

¶ 18    As noted, on April 20, 2011, the trial date was continued; defendant did not express a desire to plead guilty. On August 22, 2011, the trial took place; defendant did not express a desire to plead guilty, and indeed, he proceeded to trial where he testified to his innocence. Finally, after sentencing, defendant asked the trial court why his plea in exchange for four years was rejected "the other time," clearly referring to the court's refusal of his November 10, 2010, plea; defendant did not express that he had attempted to accept the alleged four-year offer at any time after the court refused the agreement.

¶ 19    Thus, *the record* establishes that defendant did not express a desire to plead guilty and accept the State's offer and that defendant repeatedly acquiesced in Perez's movement of the case to trial. Had defendant wished to accept a four-year offer—again assuming that any such offer was viable—he certainly would have said so on the record.[1]    Instead, he is bound by his

_____

[1] Although defendant asserted in his affidavit that at a hearing where Perez was absent he told the court of his desire to plead guilty, the record, which contains transcripts of all the

acquiescence. See *People v. Sailor*, 43 Ill. 2d 256, 260 (1969) (a defendant generally "speaks" through his attorney, and a defendant, by permitting his attorney to stand in his presence and act on his behalf, is deemed to have "acquiesced in, and to be bound by," counsel's actions). Where the trial record contradicts the allegations of a postconviction petition, a summary dismissal of the petition is proper. *People v. Jefferson*, 345 Ill. App. 3d 60, 76 (2003). Such is the case here.

¶ 20    The judgment of the circuit court of Boone County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2014); see also *People v. Nicholls*, 71 Ill. 2d 166, 179 (1978).

¶ 21    Affirmed.

---

hearings in the case, confirms that no such exchange occurred.