**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 240584-U

Order filed April 14, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-24-0584 Circuit No. 23-CM-839 |
| KARI L. FOWLER, | ) ) | Honorable Paul A. Marchese, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Presiding Justice Hettel and Justice Brennan concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  (1) The stalking no contact order was valid as the issuing court had personal jurisdiction over defendant. (2) The admission of written jury instructions that were not modified to accurately reflect the applicable law was harmless error.

¶ 2     Defendant, Kari L. Fowler, appeals her conviction for violating an emergency stalking no contact order (SNCO), arguing that the underlying order was invalid for lack of jurisdiction and was not authorized by statute. Defendant further contends that the Du Page County circuit court erred by omitting essential elements of the charged offense from the jury instructions. We affirm.

¶ 3                                     I. BACKGROUND

¶ 4            The State charged defendant with violating an SNCO (720 ILCS 5/12-3.9(a) (West 2022)). The State alleged that defendant knowingly committed an act prohibited by an SNCO when she entered or remained at 1809 W. Diehl Road in Naperville on May 23, 2023. The case proceeded to a jury trial on July 9, 2024.[1]

¶ 5            The evidence at trial established that Yolanda Gill had obtained an *ex parte* emergency SNCO against defendant on May 22, 2023. The State introduced a certified copy of the order. The order was issued without prior notice to defendant and prohibited her from entering or remaining at Gill's place of employment, a hotel located at 1809 W. Diehl Road in Naperville. The order indicated that defendant resided at the same address.

¶ 6            The next morning, Gill called 911 after she saw defendant in the lobby of the hotel. After the police arrived at the hotel, an officer advised defendant that Gill had obtained an SNCO against her. The officer informed defendant that she would be subject to arrest for violating the order if she did not leave the premises and attempted to serve her with the SNCO via short form notification. Defendant told the officer that she resided at the hotel, refused to take possession of the notification paperwork, and proceeded to enter an elevator located on the main floor.

¶ 7            After the State presented its case, defendant moved for a directed verdict. Defendant argued that the State had failed to prove she had violated the SNCO and that the SNCO was invalid because the statute required that defendant be provided actual notice and an opportunity to be heard before the court could order her to stay away from her own residence. In denying defendant's

---

[1]A six-person jury was impaneled at defendant's request.

motion, the court found that the State had introduced sufficient evidence to meet its burden and did not address defendant's argument regarding the validity of the order.

¶ 8        Recognizing that there were no Illinois Pattern Jury Instructions (IPI) for the offense of violation of an SNCO, the State tendered non-IPI instructions modeled after Illinois Pattern Jury Instructions, Criminal, Nos. 11.77 and 11.78 (approved Dec. 8, 2011) (hereinafter IPI Criminal Nos. 11.77 and 11.78) for violation of an order of protection. The instruction based on IPI Criminal No. 11.77 read: "A person commits the offense of violation of a[n] [SNCO] when, having been served notice of the contents of an order of protection, or otherwise having acquired actual knowledge of the contents of the order, he commits an act which was prohibited by a court in a[n] [SNCO]." Defendant objected, requesting that the term "knowingly" and the phrase "in violation of a remedy in a valid [SNCO]" be added to the proposed instruction to mirror the statutory language for violation of an SNCO under section 12-3.9 of the Criminal Code of 2012 (Code). 720 ILCS 5/12-3.9(a)(1)(A), (2) (West 2022). The court submitted the State's instructions to the jury over defendant's objection.

¶ 9        During closing arguments, the State objected when defense counsel attempted to argue that the underlying SNCO was invalid because it exceeded the scope of the statute by ordering defendant to stay away from her residence without prior actual notice and an opportunity to be heard. The court sustained the objection, finding that the validity of the order was not an issue for the jury to decide. The jury convicted defendant, and defendant was ultimately sentenced to 18 months of court supervision.

¶ 10        Defendant filed a motion for a new trial, arguing, *inter alia*, that the SNCO was invalid and the court erred in denying her request to modify the jury instructions. After hearing arguments and taking the matter under advisement, the court determined that it was improper for defendant to

3

challenge the validity of the underlying SNCO in a collateral criminal proceeding and denied the motion.

¶ 11                                                    II. ANALYSIS

¶ 12                                               A. Personal Jurisdiction

¶ 13        On appeal, defendant first argues that the circuit court lacked personal jurisdiction to issue the emergency SNCO, and it is therefore void. Specifically, defendant contends that the court failed to meet the specific statutory requirement necessary to establish personal jurisdiction under section 80(b)(3) of the Stalking No Contact Order Act (Act) (740 ILCS 21/80(b)(3) (West 2022)).

¶ 14        "Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction. Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time." (Internal quotation marks omitted.) *People v. Castleberry*, 2015 IL 116916, ¶ 11. In contrast, an erroneous judgment entered by a court possessing jurisdiction is voidable and cannot be attacked in a collateral proceeding. *Id.* "Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 18. Once personal jurisdiction is acquired, it generally continues until a case is resolved. *In re M.W.*, 232 Ill. 2d 408, 426 (2009). Whether the circuit court obtained personal jurisdiction is a matter of law that is reviewed *de novo*. *In re Dar. C.*, 2011 IL 111083, ¶ 60.

¶ 15        To obtain an emergency SNCO, a petitioner must establish personal jurisdiction under section 50 of the Act (740 ILCS 21/50 (West 2022)). Under section 50, a court has "jurisdiction to bind (1) State residents and (2) non-residents having minimum contacts with this State, to the extent permitted by the long-arm statute, Section 2-209 of the Code of Civil Procedure [(735 ILCS 5/2-209 (West 2022))]." *Id.* Due to the emergency nature of the proceedings, the Act waives any

4

prior service of process or notice requirements if "there is good cause to grant the remedy *** because the harm which that remedy is intended to prevent would be likely to occur if the respondent were given any prior notice, or greater notice than was actually given, of the petitioner's efforts to obtain judicial relief." *Id.* § 95(a)(3).

¶ 16 Here, the court that issued the underlying emergency SNCO had personal jurisdiction over defendant in accordance with the Act, as defendant was an Illinois resident and service of process was not required to exercise jurisdiction over her at that stage of the proceedings. See *id.* §§ 50, 95(a)(3). Although section 80(b)(3) of the Act states that a court may bar a respondent from their own residence only if the respondent has been provided with actual notice, the failure to comply with this provision did not subsequently divest the court of the statutorily conferred personal jurisdiction provided by the Act. See *M.W.*, 232 Ill. 2d at 429 (failure to provide notice to an entitled party pursuant to a statutory provision does not extinguish previously acquired personal jurisdiction). Consequently, the court's noncompliance with the notice requirement under section 80(b)(3) of the Act rendered the underlying SNCO voidable, rather than void, and not subject to collateral challenge. See *People v. Williams*, 2017 IL App (1st) 123357-B, ¶ 21 (jurisdiction unaffected by improper judgment).

¶ 17                                              B. Jury Instructions

¶ 18 Defendant next contends that the court erred in admitting jury instructions that inaccurately reflected the statutory elements of the offense. We review *de novo* whether the jury instructions accurately appraised the jury of the applicable law. *People v. Hartfield*, 2022 IL 126729, ¶ 51.

¶ 19 Jury instructions are intended to provide jurors with the relevant legal principles that apply to the evidence so they can reach a correct conclusion. *People v. Hopp*, 209 Ill. 2d 1, 8 (2004). While there is no requirement that any specific composition of words be used in advising the jury

of the State's burden of proof, the instructions must accurately convey the elements of the offense, the presumption of innocence, and the concept of reasonable doubt to ensure a fair trial. *People v. Sanders*, 393 Ill. App. 3d 409, 412 (2009).

¶ 20 Defendant first argues that excluding the term "knowingly" from the jury instructions was improper because it did not properly reflect the statutory requirement that defendant must *knowingly* commit a violation. The State asserts that it was unnecessary to include that the alleged act was committed "knowingly" because the mental state of knowledge is already present in the instructions. We disagree. To prove defendant guilty of the offense of violating an SNCO, the State was required to show that she *knowingly* committed an act which was prohibited by the court in violation of a remedy in a valid SNCO after she had been served notice or acquired actual knowledge of the contents of the order. See 720 ILCS 5/12-3.9(a)(1)(A), (2) (West 2022). Accordingly, it was necessary for the State to prove two separate and distinct aspects of defendant's knowledge: (1) that she was aware of the order and (2) that she knew she was acting in violation of the order. See *People v. Gittings*, 2025 IL App (4th) 241445, ¶ 73. We have previously held that a jury must be instructed it needed to find that an offender "knowingly" performed an alleged act in violation of an SNCO, as not doing so would render the inclusion of the term "knowingly" in the statute superfluous. *People v. Gupta*, 2024 IL App (3d) 220349-U, ¶ 53. Therefore, the instructions inaccurately conveyed the applicable law because they failed to inform the jury that it needed to find defendant "knowingly" acted in violation of the order to convict her.

¶ 21 Having found an error in the jury instruction, we now "must determine whether, in spite of that error, evidence of defendant's guilt was so clear and convincing as to render the error harmless beyond a reasonable doubt." (Internal quotation marks omitted.) *People v. Gonzalez*, 326 Ill. App.

3d 629, 637 (2001). Here, an officer informed defendant that Gill had obtained an SNCO against her and attempted to serve her with the order. The officer explained to defendant that the order required her to stay away from the hotel and that she would be in violation of the order if she did not leave the premises. At that point, she was both aware of the order and had knowledge that she was acting in violation of the order when she entered the elevator and remained on the property. Accordingly, the evidence of defendant's guilt was overwhelming and the circuit court's error regarding the jury instructions was harmless.

¶ 22        Defendant further contends it was improper to exclude the term "valid" from the jury instructions because it effectively prevented her from raising her primary defense that the order was invalid. However, we do not find this exclusion erroneous because it was not the function of the jury to determine whether the underlying SNCO was valid. As discussed above, because the criminal proceedings were collateral to the civil SNCO proceeding, defendant could only attack the validity of the order through a jurisdictional challenge. *Supra* ¶ 14. Whether the issuing court that entered the SNCO had jurisdiction, as a matter of law, was not an issue within the province of the jury. See 725 ILCS 5/115-4(a) (West 2022) ("Questions of law shall be decided by the court and questions of fact by the jury."). Notably, the committee notes for IPI Criminal No. 11.77 state that the word "valid" is intentionally omitted from the instruction since it is the court and not the jury that determines the validity of a protective order. Moreover, section 12-3.9(a) of the Code provides a presumption of validity for a certified order that appears authentic on its face. 720 ILCS 5/12-3.9(a) (West 2022). The State provided a certified copy of the SNCO at trial and defendant does not challenge its authenticity. Furthermore, our determination that the order was ultimately voidable does not provide defendant with any defense for her violation of the SNCO. Regardless of error, defendant had an obligation to obey the SNCO at the time of the offense because

7

erroneous court orders must be followed until properly vacated. See *People v. Soskin*, 2021 IL App (2d) 191017, ¶ 34.

¶ 23                                    III. CONCLUSION

¶ 24        The judgment of the circuit court of Du Page County is affirmed.

¶ 25        Affirmed.