# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Trujillo*, 2012 IL App (1st) 103212

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MANUEL TRUJILLO, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-10-3212 |
| Filed | May 8, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The summary dismissal of defendant's *pro se* postconviction petition was reversed and the cause was remanded for further proceedings where defendant sufficiently alleged an arguable claim of ineffective assistance of counsel based on his counsel's alleged failure to inform him of a guilty plea offer for multiple controlled substance charges, and on remand, the trial court was directed to reconsider the credit due defendant for his pretrial custody. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-CR-791; the Hon. Thomas M. Tucker, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Jeffrey Svehla, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Kathryn A. Schierl, and Annette Collins, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.

Presiding Justice Quinn and Justice Harris concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant Manuel Trujillo appeals from the summary dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (Act). 725 ILCS 5/122-1 to 122-8 (West 2010). On appeal, the defendant contends that the petition presented an arguable claim of ineffective assistance of counsel based on counsel's alleged failure to inform him of the State's guilty plea offer, and that the mittimus must be corrected to reflect the correct amount of presentence custody credit. We reverse and remand for further proceedings.

¶ 2    At a jury trial, the State's evidence established that on December 6, 2006, the police executed a search warrant of the defendant's home. In addition to a large amount of narcotics, they also recovered scales and plastic baggies, which are generally used for the packaging and sale of drugs. On December 7, 2006, the defendant was arrested. He waived his *Miranda* rights and gave an inculpatory statement which was introduced at trial. The defendant was convicted of 10 counts of possession of a controlled substance and possession with intent to deliver, including a Super Class X felony (720 ILCS 570/401(a)(2)(C) (West 2006)). The defendant was sentenced to an aggregate term of 12 years in prison and received 62 days of presentence custody credit.

¶ 3    On direct appeal this court vacated seven of the defendant's convictions and sentences as a violation of the one-act, one-crime rule, modified the mittimus to reflect only the remaining three convictions, and affirmed the sentences for those convictions. *People v. Trujillo*, No. 1-07-3320 (2009) (unpublished order pursuant to Supreme Court Rule 23).

¶ 4    In September 2010, the defendant filed the instant *pro se* petition alleging, in relevant part, that his trial counsel was ineffective for failing to inform him of a plea offer made by the State prior to trial. Specifically, the defendant alleges that the State made a plea offer of six years, that he would have accepted the plea offer if he had known of it, and that he only learned a plea offer was made from a letter which counsel sent to the Attorney Registration and Disciplinary Commission (ARDC). He also alleges that "[c]ontrary to what [counsel] said to the ARDC he never told [defendant] about this offer." In support of his allegations,

the defendant attached an affidavit in which he averred the same. The defendant also attached the letter counsel wrote to the ARDC, dated June 14, 2010. In the letter, counsel states that before trial, "the State's Attorney offered six years in the penitentiary for the Defendant to plead guilty." The letter also says that he "recommended to [defendant] prior to trial that he accept the offer due to the overwhelming evidence against him," that the trial court admonished the defendant about the plea offer, and that the defendant rejected the offer.

¶ 5        On September 24, 2010, the trial court summarily dismissed the defendant's petition.

¶ 6        On appeal, the defendant first contends that his petition adequately presented the gist of a claim of ineffective assistance of counsel based on his allegation that counsel failed to inform him of the State's plea offer. Specifically, the defendant argues that he adequately supported his allegations by attaching counsel's letter, that his allegations are not contradicted by the record, and that his petition successfully presented a claim with an arguable basis in both law and fact.

¶ 7        The summary dismissal of a postconviction petition is reviewed *de novo*. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage of postconviction proceedings, a petition will only be dismissed if it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2008); *People v. Brown*, 236 Ill. 2d 175, 184 (2010). A petition is considered frivolous or without merit only if it has "no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 11-12. Petitions based on meritless legal theory or fanciful factual allegations will be dismissed. *Hodges*, 234 Ill. 2d at 16.

¶ 8        In particular, a first-stage petition claiming ineffective assistance of counsel must show that it is arguable that counsel's performance fell below an objective standard of reasonableness and that it is arguable that the defendant was prejudiced by counsel's performance. *Hodges*, 234 Ill. 2d at 17.

¶ 9        Here, the defendant's claim of ineffective assistance of counsel is based on a meritorious legal theory. A defendant has the right to decide whether to plead guilty. *People v. Whitfield*, 40 Ill. 2d 308, 311 (1968). As such, an attorney's failure to disclose a plea offer to the defendant may give rise to a constitutional claim, regardless of whether the defendant subsequently received a fair trial. *People v. Curry*, 178 Ill. 2d 509, 517 (1997); *Whitfield*, 40 Ill. 2d at 311. Notably, the importance of defense counsel's effective representation in the context of plea negotiations was recently reinforced by two recent United States Supreme Court opinions. See *Lafler v. Cooper*, ___ U.S.___, 132 S. Ct. 1376 (2012) (holding that a defendant can succeed on an ineffective assistance of counsel claim where that defendant rejects a plea offer based on counsel's erroneous advice and can show that, but for the erroneous advice, he would have accepted the plea offer and the ultimate outcome of the plea process would have been different); *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012) (where the defendant showed that counsel did not inform him of a formal offer from the State and there was a reasonable probability the defendant would have accepted the offer had it been presented to him, counsel's performance was constitutionally deficient). In fact, the Supreme Court specifically held that, as a general rule, "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, ___ U.S. at ___, 132 S. Ct. at 1408.

¶ 10    If counsel in this case failed to inform defendant of the guilty plea offer, it is arguable that his assistance was deficient. Moreover, in his petition, the defendant also alleged that he would have accepted the offer if he had been advised of it. Therefore if he can establish that the offer was not communicated to him, arguably he has been prejudiced by counsel's alleged deficiency. We find that the defendant's assertion that his counsel was ineffective for failing to communicate the State's guilty plea offer to him did not lack merit.

¶ 11    Additionally, the factual basis for the defendant's claim is neither fantastic nor delusional. According to his allegations, the State presented an offer of a six-year prison term in exchange for his guilty plea, but his counsel failed to inform him of the offer and the defendant did not learn of it until counsel filed a letter with the ARDC in June 2010, long after the case had concluded. These allegations are supported by both the defendant's affidavit, in which he avers the same, and counsel's letter to the ARDC, which states, "[p]rior to trial the State's Attorney offered six years in the penitentiary for the Defendant to plead guilty." Based on the record before us, the defendant's factual allegations are not fanciful.

¶ 12    Where the record rebuts the allegations in a petition, summary dismissal is proper. *People v. Rogers*, 197 Ill. 2d 216, 222 (2001). Here, the State mistakenly suggests that the defendant's allegation concerning his counsel's failure to communicate the State's plea offer to him is flawed because it is rebutted by counsel's letter, which states that he told the defendant about the plea offer. Counsel's letter, however, is outside the actual trial record and was attached to the postconviction petition. The supreme court has said that under such circumstances, " 'it is not the intent of the [A]ct that [such] claims be adjudicated on the pleadings.' " *People v. Coleman*, 183 Ill. 2d 366, 382 (1998) (quoting *People v. Airmers*, 34 Ill. 2d 222, 226 (1966)).

¶ 13    Furthermore, counsel's letter stated that the trial judge admonished the defendant "prior to trial regarding the offer and what he faced if he lost the trial." Somehow, the State extrapolates from this statement that the trial court's admonishment about the plea offer was likely contained in two missing transcripts from the trial record, for the dates of July 9, 2007, and September 7, 2007. After the parties filed their respective briefs on appeal, the two missing transcripts were accounted for in a supplement to the record. In an affidavit, the official court reporter who took notes for the trial court on July 9, 2007, avers that she "made a thorough and diligent search" but was unable to find any record of the proceeding for the present case from that date. However, the memorandum of orders shows that on July 9, 2007, both parties were present and the case was continued by agreement to August 16, 2007. The transcript from September 7, 2007, shows that on that date the case was continued to October 3, 2007. Accordingly, nothing of substance occurred on either date. Accordingly, the record fails to show that the trial court admonished the defendant about a guilty plea offer on the two dates inferred by the State or any other date and therefore does not positively rebut the defendant's allegation that he did not know of the offer. Furthermore, although counsel's letter contradicts some of the defendant's allegations, credibility determinations are improper at this stage of proceedings. *Coleman*, 183 Ill. 2d at 385.

¶ 14    In sum, the defendant's allegation as supported by trial counsel's letter established that the State had made a guilty plea offer. In turn, trial counsel has a duty to disclose the plea

offer to the defendant because only the defendant can decide what plea to enter. Whether or not counsel informed the defendant of the State's plea offer cannot be resolved at the first stage of these postconviction proceedings because it would require a credibility determination. The defendant alleges that counsel did not tell him about the plea and, in contrast, counsel states that he told the defendant about the plea. The defendant alleges that he would have accepted the offer and counsel states that the defendant rejected it. The actual record neither supports nor rebuts either position. We hold that the defendant sufficiently alleged an arguable claim of ineffective assistance of counsel to withstand summary dismissal. Accordingly, upon remand the trial court is directed to conduct further proceedings consistent with this opinion.

¶ 15    The defendant next asserts that the mittimus must be modified to credit him with the full number of days he spent in pretrial custody. The defendant was given 62 days of presentence custody credit, but claims that he should have been credited for 96 days.

¶ 16    A defendant is entitled to credit "for time spent in custody as a result of the offense for which the sentence was imposed." 730 ILCS 5/5-8-7(b) (West 2006). Here, the parties agree that the defendant was in custody starting December 7, 2006, posted bail on December 11, 2006, and was ultimately released from state custody on January 31, 2007. They also agree that the defendant was in the custody of the Immigration and Naturalization Service (INS) at some point between December 11 and January 31, but disagree as to the specifics of when he was in state and federal custody.

¶ 17    The defendant's calculation of additional days of presentencing custody credit is premised on his position that he was in state custody the entire time from December 7, 2006 (the date of his arrest) through January 31, 2007 (the date of his release on bond). However, the record indicates that the defendant was in federal custody of the INS from December 11, 2006 (the date the defendant posted bail) through January 22, 2007, when defense counsel informed the court at an arraignment hearing that the defendant was presently in INS custody and would be released from the INS later that same day. The defendant can only receive credit for the time he spent in federal custody if it was "a consequence of the offenses upon which he seeks credit." *Thomas v. Greer*, 143 Ill. 2d 271, 280 (1991). Therefore, if the defendant was in federal custody as a consequence of the present case, he is entitled to credit for those days. The record does not establish the reason for, or the definitive time frame of, the defendant's days in federal custody and, therefore, we cannot determine if the defendant is entitled to any additional days of credit. Accordingly, on remand, we direct the trial court to make a determination regarding the appropriate amount of custody credit to which the defendant is entitled. See *People v. Gilkey*, 263 Ill. App. 3d 706, 714-15 (1994) (where the record was unclear as to what days the defendant served on unrelated charges and what days he served on charges related to the matter at hand, this court remanded the cause to the trial court for recalculation of presentence custody credit).

¶ 18    For the foregoing reasons, we reverse the ruling of the circuit court of Cook County and remand for further proceedings consistent with this opinion.

¶ 19    Reversed and remanded.