2025 IL App (1st) 241577-U

SIXTH DIVISION

November 7, 2025

No. 1-24-1577

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 04 CR2943601 |
| PIERRE WHITE, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Maria Kuriakos-Ciesel, |
| | ) | Judge, presiding. |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justice Hyman and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held:*   Petitioners second-stage postconviction petition made a substantial showing that trial counsel was ineffective for relaying a plea offer. Petitioners sentence did not violate the proportionate penalties clause.

¶ 2    Petitioner, Pierre White, appeals from the second-stage dismissal of his postconviction petition, where he argued his *de facto* life sentence for offenses he committed when he was 21 years old was unconstitutional. Specifically, White contends he made a substantial showing that his *de facto* life sentence violates the Illinois proportionate penalties clause, as applied to him, warranting a third-stage evidentiary hearing. He also argues his petition made a substantial showing that trial counsel was ineffective for failing to relay a plea offer to him. In the alternative, he argues he was denied reasonable assistance of postconviction counsel warranting remand for further second-stage proceedings. For the following reasons, we affirm in part and reverse and remand in part with instructions.

¶ 3                                          I. BACKGROUND

¶ 4    Pierre White was charged with first-degree murder and attempt armed robbery on December 8, 2004. The charges stemmed from the murder of Karim Ally and attempted armed robbery of William Wesley on November 6, 2004. White pleaded guilty on June 12, 2007, and was sentenced to 28 years in prison based on a finding that co-offender Huzell Williamson shot and killed Ally. White filed a motion to withdraw his guilty plea, but it was denied.

¶ 5    On appeal, this court reversed, holding White's guilty plea and sentence were void. *People v. White*, 2009 IL App (1st) 072102-U. Our supreme court affirmed this court's decision, reversed White's conviction, and remanded to the circuit court for trial. *People v. White*, 2011 IL 109616. The Court explained that the 28 year sentence was void, as it fell below the statutory minimum of 35 years' imprisonment, 20 years for the murder conviction and an additional 15 years for the firearms enhancement specified in the indictment. It further explained that "the factual basis offered by the State in support of defendant's plea of guilty to the first degree murder established

that the victim died of a gunshot wound to the head and that there was sufficient evidence to find defendant guilty of the murder on a theory of accountability."

¶ 6    On remand, the State filed a notice of intent to seek a further enhanced sentence based on a different firearm enhancement than alleged in the indictment. Specifically, the notice alleged White personally discharged a firearm proximately causing death, an allegation that triggers a sentencing enhancement of 25 years to life. After a jury trial, White was found guilty of first degree murder and attempted armed robbery. The jury also found White personally discharged a firearm that proximately caused death. He was sentenced to consecutive terms of 85 years and 15 years in prison.

¶ 7    On appeal, White argued he was not proven guilty of attempted robbery and was penalized for exercising his right to trial. This court affirmed his conviction and sentence. *People v. White*, 2015 IL App (1st) 123487-U. White filed a *pro se* post-conviction petition on April 21, 2016. He alleged ineffective assistance of counsel for: failing to procure an expert to test the co-offender's clothes for DNA or GSR (gunshot residue), failure to call a forensic expert to contradict testimony from the State's expert, failing to procure separate verdict forms for each charge, failing to inform him of a plea offer from the trial court, and cumulative error. White also argued prosecutorial misconduct and ineffective assistance of appellate counsel. The circuit court summarily dismissed the petition. On appeal, this court reversed the circuit court's summary dismissal and remanded for second stage proceedings finding White sufficiently alleged trial counsel was ineffective for failing to relay a plea offer due to the following colloquy, which occurred during argument on White's posttrial motion:

"THE COURT: Okay. I also want to spread of record that I had discussions with the Defense several times over the course of this case regarding the fact that the Defendant

would be withdrawing the plea he was seeking just to plead guilty again and receive a proper admonishment. And in chambers I brought up the fact did he understand what he was doing when he was going forward with this trial and that he would be at risk of receiving a much greater sentence. The Defendant's statement to this Court was that he was innocent and he wanted to go forward with this trial.

He had the opportunity to receive a re-admonishment before jury began regarding this case and receive the sentence that he had been given beforehand.

MS. PIEMONTE [Defense Counsel]: I don't think he was ever offered the 28.

THE COURT: Not by the State, no. But there was [*sic*] discussions by the Court at the bench that I had with the attorneys regarding the fact that was this going to be a situation where he was going [to] plead guilty again with proper admonishments because the Appellate Court determination was that improper admonishments were given with regard to the enhancement of 15 [*sic*] years, because the failure of the court to admonish him even though the Defendant wasn't given that enhanced sentence.

MS. PIEMONTE: Right, and that would be a 35-year sentence.

THE COURT: And that would be a 35-year sentence."

¶ 8    On remand, White filed a supplemental petition and a new affidavit. Counsel also filed a Rule 651(c) certificate. In the petition, White alleged his sentence violated the 8th amendment and the proportionate penalties clause under *Miller* and its progeny. He also claims his *pro se* petition made a substantial showing that trial counsel was ineffective for failing to relay a plea offer to him. Alternatively, he argues postconviction counsel provided unreasonable assistance. This appeal followed.

¶ 9                                    II. JURISDICTION

No. 1-24-1577

¶ 10    The circuit court dismissed White's petition on July 23, 2024. Notice of appeal was timely filed on July 23, 2024. Accordingly, this court has jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 606 (eff. Dec 7, 2023).

¶ 11                                III. ANALYSIS

¶ 12    On appeal from the second stage dismissal of his postconviction petition, White argues (1) his *de facto* life sentence violated the Illinois proportionate penalties clause; and (2) his petition made a substantial showing that trial counsel was ineffective for failing to relay a plea offer to him. He argues in the alternative that postconviction counsel failed to provide a reasonable level of assistance in that counsel failed to properly substantiate his proportionate penalties challenge to his *de facto* life sentence.

¶ 13                        A. Post-Conviction Hearing Act

¶ 14    The Post-Conviction Hearing Act (ACT) (725 ILCS 5/122-1(a)(1) (West 2020)) "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitution." *People v. Morris*, 236 Ill. 2d 345, 354 (2010). "The purpose of a postconviction proceeding is to permit inquiry into constitutional issues involved in the original conviction and sentence that were not, and could not have been, adjudicated previously on direct appeal." *People v. English*, 2013 IL 112890, ¶ 22. Thus, issues raised and decided on direct appeal or in prior proceedings are barred by the doctrine of *res judicata* and issues that could have been raised but were not, are forfeited. *People v. Moore*, 2023 IL App (1st) 220919, ¶ 23.

¶ 15    The ACT divides proceedings into three stages. *Id*. ¶ 24. At the first stage, the circuit court may dismiss any postconviction petition that is "frivolous or patently without merit." 725 ILCS

5

5/122-2.1(a)(2) (West 2020). A petition is "frivolous or patently without merit" if it has no basis in law or fact. *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). If the petition is not dismissed by the court, it advances to the second stage where the court may appoint counsel to represent the petitioner. 725 ILCS 5/122-2.1(b) (West 2020); *Moore*, 2023 IL App (1st) 220919, ¶ 24. At the second stage, petitioner must make a substantial showing of a constitutional violation. *People v. Domagala*, 2013 IL 113688, ¶ 33. A substantial showing is made when allegations in a petition, if proven at an evidentiary hearing, would entitle petitioner to relief. *Id*. ¶ 35. The court does not engage in factfinding or credibility determinations at this stage, rather all well pleaded facts not positively rebutted by the original record are taken as true. *Id*. A motion to dismiss filed at the second stage raises the issue of whether the petition is proper as a matter of law. *People v. Coleman*, 183 Ill. 2d 366, 385 (1998). We review the circuit court's dismissal of a second stage postconviction petition *de novo*. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 16                                    B. Unconstitutional Sentence

¶ 17    White contends his supplemental postconviction petition made a substantial showing that his sentence violates the proportionate penalties clause of Illinois. Specifically, he argues a substantial showing was made where the circuit court failed to consider his youth or how his brain development affected his rehabilitative potential before imposing sentence. He claims his factual allegations are supported with references to recent findings related to brain development of young adults demonstrating the brain does not finish developing until past the age of 18.

¶ 18    The Proportionate Penalties Clause (Clause) states: "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. The Clause adds a limitation on penalties beyond those

provided by the Eighth Amendment of the United States Constitution and adds the objective of restoring offenders to useful citizenship. *People v. Clemons*, 2012 IL 107821, ¶ 39.

¶ 19    A constitutional challenge to a statute may be facial or as applied. *People v. Harris*, 2018 IL 121932, ¶ 38. An as-applied challenge depends on particular facts and circumstances of the challenging party and must overcome the presumption the statute is constitutional by clearly demonstrating the statute is invalid as-applied to him. *Id*. See *People v. House*, 2021 IL 125124, ¶ 18 (To overcome presumption the statute is constitutional, the challenging parties must establish the statute is invalid as-applied to them).

¶ 20    In *Miller v. Alabama*, 567 U.S. 460, 132 S.CT. 2455, 183 L.Ed.2d 407 (2012), our supreme court established the eighth amendment mandated sentencing courts "to have discretion in sentencing juveniles after considering the juvenile's youth and the attendant characteristics of youth." *People v. Barbosa*, 2024 IL App (1st) 221173-U, ¶ 18 (citing *People v. Clark,* 2023 IL 127273, ¶ 54.) In Illinois, our supreme court expanded *Miller* so that *de facto* life sentences, prison sentences exceeding 40 years, are included. *Barbosa*, 2024 IL App (1st) 221173-U, ¶ 19; See *People v. Buffer*, 2019 IL 122327, ¶ 41. Our supreme court also noted that Miller contemplated mandatory life sentences where the sentencing court lacked discretion to consider a juvenile offender's youth in imposing the harshest sentence available. Thus, *Miller* is inapplicable to cases involving discretionary life sentences where the sentencing court retains the ability to consider the offender's youth and attendant characteristics. *Id.*

¶ 21    Here, White's claim fails because *Miller* and its progeny apply to juveniles, not young adults like White, who was 21 years old at the time of his offense. Our supreme court concluded that, "*Mille*r does not directly apply to young adults, it also does not provide cause for a young adult offender to raise a claim under the proportionate penalties clause." *People v. Moore*, 2023 IL

126461, ¶¶ 40-42; See *People v. Clark*, 2023 IL 127273, ¶¶ 93-94 ("*Miller* does not present new proportionate penalties clause principles with respect to discretionary sentencing of young adult offenders").

¶ 22                    C. Ineffective Assistance of Postconviction Counsel

¶ 23    White argues in the alternative that postconviction counsel failed to provide a reasonable level of assistance where counsel failed to properly substantiate his proportionate penalties challenge to his *de facto* life sentence.

¶ 24    The right to counsel in postconviction proceedings arises from the Act. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Under the Act, petitioners are entitled to a "reasonable" level of assistance of counsel at the second and third stages of postconviction proceedings. *People v. Johnson*, 2018 IL 122227, ¶ 16. A reasonable level of assistance is ensured by Rule 651(c), which imposes three duties on postconviction counsel. *Perkins*, 229 Ill. 2d at 42. The rule states that either the record or a certificate filed by the attorney must show counsel "(1) consulted with petitioner to ascertain his contentions of constitutional deprivations, (2) examined the record of the trial proceedings, and (3) made any amendments to the filed *pro se* petition *necessary* to adequately present petitioner's contentions." *People v. Kulpin*, 2025 IL App (2d) 240065, ¶ 14; Ill. S. Ct. R. 651(c) (eff. July 1, 2017); *Perkins,* 229 Ill. 2d at 42. "Under Rule 651(c), postconviction counsel has an obligation to present a defendant's postconviction claims in the appropriate legal form, and the failure to do so constitutes unreasonable assistance." *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 18. But fulfillment of the third obligation under Rule 651(c) does not require postconviction counsel to advance frivolous claims on behalf of the defendant. If amendments to a *pro se* postconviction petition only furthers a frivolous or patently nonmeritorious claim,

amendments are not "necessary" within the meaning of the rule. *People v. Greer*, 212 Ill. 2d 192, 205 (2004).

¶ 25   To establish unreasonable assistance, a petitioner is not required to make a positive showing that counsel's failure to comply with Rule 651(c) caused prejudice. *Nitz*, 2011 IL App (2d) 100031, ¶ 18. If counsel does not comply with Rule 651(c), the case should be remanded regardless of whether the *pro se* claims or amended postconviction petition have merit. *People v. Suarez*, 224 Ill. 2d 37, 47 (2007). Substantial compliance with the rule is sufficient. *People v. Richardson*, 382 Ill. App. 3d 248, 257 (2008).

¶ 26   Here, counsel filed a certificate indicating compliance with Rule 651(c). There is a presumption that counsel provided reasonable assistance, and a petitioner has the burden of overcoming that presumption. *People v. Pabello*, 2019 IL App (2d) 170867, ¶ 25. Whites argument fails to overcome this presumption because we determined his underlying argument has no merit as a matter of law, and any amendments cannot be deemed "necessary" under the meaning of Rule 651(c). *Kulpin*, 2025 IL App (2d) 240065, ¶ 16; *Greer*, 212 Ill. 2d at 205.

¶ 27                      C. Ineffective Assistance of Trial Counsel

¶ 28   White argues his postconviction petition made a substantial showing of a constitutional violation where trial counsel failed to relay a plea offer from the trial court he would have accepted.

¶ 29   Ineffective assistance of counsel claims are judged against the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Peterson*, 2017 IL 120331, ¶ 79. To satisfy the *Strickland* standard, a defendant must show (1) counsel's performance fell below an objectively reasonable level of assistance and (2) defendant as prejudiced as a result, i.e., there is a reasonable probability that the outcome of the proceeding would have been different. *Peterson*, 2017 IL 120331, ¶ 79.

¶ 30    The decision to plead guilty rests solely with the defendant. *People v. Trujillo*, 2012 IL App (1st) 103212, ¶ 9. Accordingly, counsel's failure to relay a plea offer to a defendant may give rise to a constitutional claim whether the defendant subsequently received a fair trial or not. *Id*. See *Lafler v. Cooper*, 566 U.S. 156, 166 (2012) ("Even if the trial itself is free from constitutional flaw, the defendant who goes to trial instead of taking a more favorable plea may be prejudiced from either a conviction on more serious counts or the imposition of a more severe sentence.")

¶ 31    In the case *sub judice*, White's postconviction petition was dismissed at the second stage of review. During the second stage, petitioner must make a substantial showing of a constitutional violation. *People v. Pendleton*, 223 Ill.2d 458, 473 (2006). But this does not mean evidentiary questions are to be solved at this stage. See *People v. Coleman,* 183 Ill.2d 366, 385 (1998) ("The Act contemplates that such determinations will be made at the evidentiary stage, not the dismissal stage, of the litigation. Due to the elimination of all factual issues at the dismissal stage of the post-conviction proceeding, a motion to dismiss raises the sole issue of whether the petition being attacked is proper as a matter of law"). Unless petitioner's allegations are positively rebutted by the record, they are taken as true, and the issue becomes whether those allegations show a constitutional violation. *People v. Domagala*, 2013 IL 13688, ¶ 35.

¶ 32    Here, as we previously held in *White*, the comments from the judge, whether the judge spoke to defense counsel, defendant, or both regarding a possible plea offer, or even whether there was, in fact, a plea offer to defendant, is unclear. The record neither supports nor rebuts White's allegation that he was never informed of a plea offer. Thus, White's allegations are not positively rebutted by the original record, and we must take them as true. *Domagala*, 2013 IL 113688, ¶ 35. Accordingly, it is appropriate to remand the petition for an evidentiary hearing where credibility determinations can be made as to whether a plea offer was made.

¶ 33                                    IV. CONCLUSION

¶ 34    For the reasons stated, the judgment of the circuit court of Cook County is affirmed in part

and reversed in part and the cause remanded for further proceedings consistent with this order.

¶ 35    Affirmed in part and reversed in part; cause remanded with directions.