**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 250044-U

Order filed December 22, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0044 Circuit No. 19-CF-514 |
| DAMON J. SHERRER, | ) ) ) | Honorable Howard C. Ryan Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Anderson and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court did not conduct an adequate preliminary *Krankel* inquiry.

¶ 2     Defendant, Damon J. Sherrer, appeals his convictions, arguing the court did not conduct an adequate preliminary inquiry under *People v. Krankel*, 102 Ill. 2d 181 (1984), into his complaints of his counsel's performance. We remand with directions.

¶ 3                                I. BACKGROUND

¶ 4        On December 11, 2019, defendant was charged with burglary (720 ILCS 5/19-1(a) (West 2018)) and two counts of armed robbery (*id.* § 18-2(a)(2)). On October 25, 2021, before *voir dire*, the State informed the court that defendant was given an offer that was lower than what he would be sentenced to if he was convicted after a trial. The court admonished defendant that the sentencing ranges for armed robbery and burglary were 21 to 45 years' imprisonment and 3 to 7 years' imprisonment, respectively. The court informed defendant, "if you're found guilty, they did attempt to negotiate this for you to have a lesser charge and a lesser sentence than you're going to get if you're found guilty here." Defendant stated he understood. Defense counsel then stated, "[N]ot to get into the specifics, but just to put it out there, the offer is still a double-digit term in the Department of Corrections, without getting anything more than that."

¶ 5        The evidence introduced at a jury trial showed that at approximately 1 a.m. on November 22, 2019, defendant approached a clerk at a gas station in Streator and drew a "rifle" from his jeans. The clerk entered the store but did not have time to lock the doors. Defendant followed the clerk inside and walked up to the counter. Defendant demanded the contents of the clerk's pockets before stealing cash from drawers, several lottery tickets, and liquor. A video recording showing multiple angles of the robbery was played for the jury and admitted into evidence. The rifle used during the robbery and depicted in the video was not recovered during a subsequent search of defendant's home. Defense counsel attempted to call his "paralegal/investigator" as "a witness on a couple of issues." The court precluded the testimony and commented the issue should have been addressed before trial instead of "last-minute." Defendant was found guilty on all counts.

¶ 6        At a sentencing hearing on May 18, 2022, defendant stated he never intended to proceed to trial, and if he had known the offer from the State was 11½ years' imprisonment, he would have accepted. Defendant stated, "I actually asked for, you know, to come out and negotiate, and I

was—I was told that's not what we're here for, we're here for trial, it's too late for that." Neither defense counsel nor the State commented on defendant's statement regarding the State's offer or counsel's failure to convey the offer. The court sentenced defendant to the minimum 21 years' imprisonment for armed robbery, concurrent with a 7-year term for burglary.

¶ 7　　　　On direct appeal, defendant argued, *inter alia*, that the evidence was insufficient to establish that he used a firearm in the commission of the offense and counsel was ineffective for failing to inform him of the State's 11½-year offer. *People v. Sherrer*, 2024 IL App (3d) 230001-U, ¶ 33. We affirmed defendant's convictions but remanded for the limited purpose of conducting a preliminary *Krankel* inquiry. *Id.* ¶ 2. In doing so, we stated, "Apart from defendant's unsworn statement, there is nothing in the record which would allow us to determine whether such an offer was actually made by the State, whether the offer was not conveyed to defendant by counsel, or whether defendant would have accepted the offer." *Id.* ¶ 35. Moreover, we declined to consider a photograph of a BB gun defendant alleged looked like the one he used as it was not part of the record in the circuit court. *Id.* ¶ 24.

¶ 8　　　　On remand, a preliminary *Krankel* inquiry was held at which defendant claimed he told counsel multiple times he wanted to negotiate with the State as opposed to proceeding to trial. Defendant believed the strategy was to make it appear like they were prepared to proceed with a trial in order to negotiate a better deal from the State. At the start of trial, defendant asked counsel to take an offer of 10 years' imprisonment to the State but was told they were going through with the trial and defendant did not have a choice. Defendant was unaware he was facing a minimum of 21 years' imprisonment prior to the court's admonishments. He believed the Class X charges were "off the table." Defendant again alleged counsel failed to inform him that the State made an offer of 11½ years' imprisonment in exchange for a guilty plea.

¶ 9    Defendant further complained that "[t]he stuff regarding the shoes and the shoe print was never brought up. The main thing is the gun." Defendant stated he informed counsel that the rifle used during the robbery was a broken BB gun and defendant could produce the BB gun. Defendant believed the trial strategy was to introduce evidence, through the testimony of an investigator, that the rifle used during the robbery was a broken BB gun. However, counsel did not introduce testimony from the investigator or any other evidence to establish the rifle was not a firearm.

¶ 10    Counsel responded he only received a "double digit offer," from the State and defendant had insisted on going to trial. Counsel further stated he "never had an investigator that said anything about it being a different [rifle] but so we had a question, and it was raised on the primary appeal which was denied." The court did not ask any questions of either counsel or defendant at the hearing. The court determined defendant failed to present sufficient facts which warranted further inquiry and dismissed defendant's *pro se* posttrial claims of ineffective assistance of counsel. This appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, defendant argues the court failed to conduct an adequate preliminary *Krankel* inquiry into his claims of ineffective assistance of counsel. Specifically, defendant argues the court did not sufficiently inquire into the facts necessary to determine whether counsel was ineffective for failing to (1) inform defendant the State made an offer for 11½ years' imprisonment in exchange for his guilty plea and (2) introduce evidence that the rifle used during the robbery was a broken BB gun.

¶ 13    A defendant has the constitutional right to the effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. Illinois courts review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People*

4

*v. Wise*, 2019 IL App (2d) 160611, ¶ 51. Under *Strickland*, counsel renders ineffective assistance when (1) counsel's performance falls below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's deficient performance, the results of the proceedings would have had a different outcome. *Strickland*, 466 U.S. at 687-88. Defendant has a right to effective assistance throughout plea negotiations. *People v. Hale*, 2013 IL 113140, ¶ 15.

¶ 14      If a defendant raises a *pro se* posttrial claim that he was denied his constitutional right to the effective assistance of trial counsel, the court must inquire further into defendant's allegations. *Krankel*, 102 Ill. 2d at 189; *People v. Roddis*, 2020 IL 124352, ¶ 34. The first step in hearing the claims requires that "the circuit court makes a preliminary inquiry to examine the factual basis of the defendant's claim." *People v. Horman*, 2018 IL App (3d) 160423, ¶ 24. "[I]f the allegations show possible neglect of the case, new counsel is appointed to represent the defendant in a full hearing." (Internal quotation marks omitted.) *Id.*

¶ 15      A preliminary inquiry requires the court conduct "some type of inquiry into the underlying factual basis" of defendant's claims. (Internal quotation marks omitted.) *People v. Ayres*, 2017 IL 120071, ¶ 11. "Specifically, the trial court must conduct an adequate inquiry ***, that is, inquiry sufficient to determine the factual basis of the claim." (Internal quotation marks omitted.) *Id.* Generally, "some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is permissible and usually necessary." *People v. Moore*, 207 Ill. 2d 68, 78 (2003). Where the claims are based on matters outside the record, an inquiry is incomplete where it fails to develop the factual record needed to resolve the claims. *People v. McLaurin*, 2012 IL App (1st) 102943, ¶ 44. "We review whether the trial court conducted an adequate inquiry *de novo*." *People v. Rhodes*, 2019 IL App (4th) 160917, ¶ 14.

¶ 16 "A defendant has the right to decide whether to plead guilty." *People v. Trujillo*, 2012 IL App (1st) 103212, ¶ 9. "As such, an attorney's failure to disclose a plea offer to the defendant may give rise to a constitutional claim \*\*\*." *Id.* Counsel's representation falls below an objective standard of reasonableness if they fail to inform their client of "offers from the prosecution \*\*\* that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). To establish prejudice, defendant must show that there is a reasonable probability he would have accepted the offer but for counsel's unreasonable representation. *Hale*, 2013 IL 113140, ¶ 18.

¶ 17 Decisions regarding which witnesses to call or what evidence to present at trial are ultimately left to trial counsel as matters of trial strategy and generally not subject to attack on the grounds of ineffective assistance. *People v. Reid*, 179 Ill. 2d 297, 310 (1997). However, only sound trial strategy is afforded this protection. *Id.* Whether counsel's evidentiary decision was sound trial strategy will sometimes depend on facts not in the record. See, *e.g.*, *People v. Tillmon*, 2024 IL App (3d) 220528-U, ¶ 22.

¶ 18 Here, the inquiry was inadequate as to both issues raised by defendant. First, the record is still underdeveloped as to whether counsel was ineffective during plea negotiations. As we stated in defendant's direct appeal, "there is nothing in the record which would allow us to determine whether such an offer was actually made by the State, whether the offer was not conveyed to defendant by counsel, or whether defendant would have accepted the offer." *Sherrer*, 2024 IL App (3d) 230001-U, ¶ 35. On remand, the court did not inquire into these points. Counsel's only comment at the hearing on this issue was a reiteration that the State only ever made a "double digit offer." As a result, we are still unable to discern whether counsel showed possible neglect by failing to inform defendant of the alleged offer. Counsel's assertion that defendant insisted on going to trial is insufficient to resolve the issue due to the lack of clarity as to whether such an offer was

made, defendant's assertion he would have accepted the offer, the disparity between the offer and the minimum sentence defendant faced, and other facts not in the record.

¶ 19    Second, the inquiry into the rifle issue was insufficient. At the hearing, defendant alleged counsel failed to introduce evidence which would have been relevant in negating an essential element of the armed robbery charges. Counsel did not directly address defendant's complaint, and the court did not ask any follow-up questions to ensure counsel's decision was the result of sound trial strategy. Counsel instead stated that this court addressed the issue on direct appeal. However, on direct appeal, this court only determined that there was sufficient evidence to sustain defendant's convictions. *Id.* ¶ 23. In coming to that conclusion, we expressly declined to consider a photograph of a BB gun included in defendant's brief because it was not part of the record. *Id.* ¶ 24. Whether defendant was prejudiced by counsel's failure to introduce evidence under *Strickland* is a different analysis than whether there was sufficient evidence to sustain defendant's convictions. See *People v. Davis*, 2023 IL App (1st) 220231, ¶¶ 28, 47. The facts necessary to resolve the former remain outside of the record. We therefore remand to allow the parties to develop "a factual record bearing precisely on the issue[s]." (Internal quotation marks omitted.) *People v. Kindle*, 2021 IL App (1st) 190484, ¶ 56.

¶ 20                            III. CONCLUSION

¶ 21    For the reasons stated, we remand with directions the judgment of the circuit court of La Salle County.

¶ 22    Remanded with directions.

7